## SUPREME COURT.

Alfred J. Evans and another agt. Eugene L. Holmes.

On a motion to vacate an *order of arrest*, the defendant may elect whether he will informally demur to the plaintiffs' case, set forth in the original affidavit as insufficient to warrant the arrest, thus presenting the naked legal question on undisputed averments of fact, or whether he will open the merits of the whole controversy by moving on counter-affidavits, raising issues of fact and proceed to an informal trial on affidavits.

But he cannot in legal effect, pursue both methods at the same time, by selecting as the subject of denial and dispute, such portions only of the plaintiffs' case as he may deem most easily disproved, and thus debar the plaintiffs from strengthening other portions by incontestable evidence, which on the original proof, perhaps, could hardly be sustained.

Where the defendant, therefore, on a motion to discharge from arrest, upon all the affidavits and papers used on both sides, strenuously resisted the reception of an additional affidavit which the plaintiffs had procured, substantiating the charge of fraud on an averment made in their original affidavit, on the ground that the defendant had not assailed the truth of this particular averment in his moving affidavits, but rested his objection as to this point, solely on the insufficiency of the original affidavit.

*Held*, that the additional affidavit of the plaintiffs must be received and read, which established the fact in question beyond dispute.

*Broome Special Term, January* 13, 1874.

Motion to set aside an order of arrest. Action to recover the price of goods sold and delivered to the defendant. At the time of commencing the action, the plaintiffs on an affidavit procured an order of arrest under subdivision 4 of section 179 of the Code, alleging that the defendant had been guilty of a fraud in contracting the debt. The affidavit, among other things, averred that the credit was obtained upon a false and fradulent representation of the defendant, " that he was worth between five and six thousand dollars over and above all debts and liabilities against him; and that

there then was on deposit in his name and to his credit, in the Scranton Savings Bank at Scranton, Pa., sufficient money to pay said amount," &c.  " That such statements were false and untrue to the knowledge of the defendant, and that he made them with intent to defraud the plaintiffs herein of said goods."  " That said defendant has in his possession or control, a correct book of account of deposits and drafts between himself and said Scranton Savings Bank, the production and due authentication of which would show the truth of said representation as to his deposit, if the same were true, which book said defendant has refused to show to the plaintiffs' attorney herein."

The motion is made on affidavits denying that the defendant made the representations in question, but there is no denial or dispute of the allegation in the original affidavit on which the order was granted, that the defendant had no money on deposit at the Scranton Savings Bank.  The plaintiffs in opposition to the motion read new affidavits showing the making of the representations as alleged, and also an affidavit from the cashier of the bank showing that the defendant had no money on deposit there and never had any money to his credit at the bank.  The defendant's counsel objected to the reading of the cashier's affidavit on the ground that no affidavits had been read on this point for the defendant, and insisted that the original affidavit on which the order was granted, was in this respect incurably defective.

T. F. McDONALD, *for motion.*
W. L. GRISWOLD, *contra.*

COUNTRYMAN, *J.*—As the cause of arrest is not identical with the cause of action, I must pass on the question of fact raised in the affidavits, and I have no hesitation in holding that the defendant made the representations as claimed by the plaintiffs.

It was urged, however, that the original affidavit was fatally defective, because it contained only a general allega-

Evans agt. Holmes.

tion of the falsity of the defendant's representations. Doubt-less, as a rule, the judge to whom the original application is made, should require a statement in detail of the evidentiary facts from which the existence of the principal fact sought to be established may be inferred or verified (*Draper* agt. *Beers*, 17 *Abb.*, 163 ; *Smith* agt. *Jones*, 4 *Robts.*, 657). But this is not indispensable, especially where, as in this case, the fact is positively averred, and it is not impossible that the affiant had personal knowledge of its truth (*Cummings* agt. *Wooley*, 16 *Abb.*, 297, *note*; *Ballonhey* agt. *Cadot*, 3 *Abb.* [*N. S.*], 122). Even if the general averment was, in fact, made on information and belief, it does not necessarily follow that the order of arrest must be vacated. The courts have repeatedly refused to grant such applications, and have invariably done so where the motion was made on additional affidavits, unless the defendant expressly denied, under oath, the truth of the averment brought in question (*Union Bank* agt. *Mott*, 9 *Abb.*, 106 ; *Wolfe* agt. *Browner*, 5 *Robts.*, 602). It was held in all of these cases that the mere omission, under such circumstances, to deny the averment, would be regarded for all the purposes of the application as an admission of its truth (*Union Bank* agt. *Mott*, 9 *Abb.*, 106 ; *Wolfe* agt. *Browner*, 5 *Robts.*, 602; *Ballonhey* agt. *Cadot*, 3 *Abb.* [*N. S.*], 122).

But it is not necessary in this case to invoke any technical rule against the defendant. The plaintiffs produced, in opposition to the motion, the affidavit of the cashier showing, beyond cavil, the falsity of the defendant's representation that he had any money on deposit in the Scranton Savings Bank. The reception of this affidavit was strenuously resisted, on the ground that the defendant had not assailed the truths of this particular averment in his moving affidavits, but rested his objection as to this point solely on the insufficiency of the original affidavit. And it was, therefore, insisted that the plaintiffs were not at liberty to reinforce this point in their case with any new proof. The defendant

might, at the outset, it is true, have merely objected to the original papers as affording insufficient grounds of arrest, by moving solely on those papers to vacate the order, and thus have presented the naked legal question on undisputed averments of fact. But he preferred to assail the truth of some of the plaintiffs' allegations by other affidavits, and thus raised issues of fact for the decision of the court. By pursuing this course he reopened the whole controversy on its merits, so far as the same was presented in the original affidavit, and submitted all those questions *de novo* upon all the papers. There is no limitation on the right of the plaintiffs to produce affidavits or proofs in addition to those on which the order of arrest was obtained, where the motion to vacate is made upon affidavits on the part of the defendant (*Code*, § 205), except that the plaintiffs cannot set up, as a defense to the motion, a new cause not originally alleged as a ground of the arrest (*Cady, President, &c.* agt. *Edmonds*, 12 *How.*, 197). The defendant may elect whether he will informally demur to the plaintiffs' case, set forth in the original affidavit, as insufficient in law to warrant the arrest, or raise issues of fact and proceed to an informal trial of the controversy on affidavits. But he cannot in legal effect pursue both methods at the same time, by selecting as the subject of denial and dispute such portions only of the plaintiffs' case as he may deem most easily disproved, and thus debar them from strengthening other portions by incontestable evidence, which on the original proof, perhaps, could hardly be sustained. If the rule were otherwise the defendant by such an artifice might fail, as in this case, on all the issues he raised in his affidavits, and yet succeed in his application simply because the plaintiffs, from haste or inadvertence, or momentary inability to procure better evidence, had rested the allegation of a material fact, which the defendant could not, however, really dispute, on very doubtful or equivocal proof. Such a result would defeat the obvious policy of this provision of the Code, which was to reopen the whole case to both parties,

whenever the motion to vacate the order is made on new affidavits, and thus enable the court to determine the propriety of the arrest as an original question on all the papers.

In this view all the cases cited on the argument may be harmonized. The case of *Draper* agt. *Beers* (17 *Abb.*, 163) arose on a motion to vacate the order on the original papers, and the case of *Smith* agt. *Jones* (4 *Robts.*, 657) was an *ex parte* application for the original order, which was denied. But in all the other cases cited, the question arose, as in this case, on a motion to set aside the order of arrest, on new affidavits. Hence, in these cases, the court, in weighing the evidence, laid stress on the omission of the defendant to deny the allegation in question, while controverting other allegations of fact, and held such omission, in connection with the allegation of the plaintiffs, to amount to an admission of the fact as alleged (*Union Bank* agt. *Mott*, 9 *Abb.*, 106; *Wolfe* agt. *Browner*, 5 *Robts.*, 602; *Ballonhey* agt. *Cadot*, 3 *Abb.* [*N. S.*), 122). The case of *Martin* agt. *Vanderlip* (3 *How.*, 265) is not an authority for a different doctrine. In that case the plaintiff did not offer to read additional affidavits in opposition to the motion, and the order of arrest was sustained on the original affidavit as against the moving affidavit of the defendant. The question, therefore, as presented here could not have been raised, and does not appear to have been considered in that case. The affidavit of the bank cashier must be received and read, which establishes the fact in question beyond dispute, and the motion must be denied, with ten dollars costs.