(14 Misc. Rep. 47.)

### MARTIN v. LYNCH.

(Common Pleas of New York City and County, Special Term.  August 27, 1895.)

1. ARREST IN CIVIL CASE—CAUSE OF ACTION.
   Where plaintiff, knowing of defendant's fraud, accepts defendant's note for his claim, the claim is changed from one for a tort into a debt, so that he cannot aid the enforcement of his claim by arrest of defendant.

2. MATURITY OF CAUSE OF ACTION.
   In such case, plaintiff's cause of action is in abeyance till maturity of the note.

Action by Thomas Martin against Harry A. Lynch.  Defendant moves to vacate an order for his arrest.  Granted.

Frederick K. Clark (D. B. Luckey and J. C. McEachen, of counsel), for plaintiff.

Byram L. Winters, for defendant.

GIEGERICH, J.    The motion is made upon the original papers. Hence, as upon a demurrer, the facts alleged are to be taken as true. Evans v. Holmes, 46 How. Prac. 515.    However, assuming the defendant's fraud to have been shown, it is clear, from the plaintiff's own statement, that he was aware of the facts in question when he accepted the defendant's promissory note for the sum now sought to be recovered, the legal effect of which acceptance was to change his claim for a wrong into a debt.    Alliance Ins. Co. v. Cleveland, 14 How. Prac. 408.    Until the note became due the cause of action was in abeyance (see case last cited), and yet the summons upon which the order was founded was served seven days before the date of maturity.    For these reasons the motion should be granted, with $10 costs to the defendant, to abide the event.