## CITY COURT OF NEW YORK.

### Moses Straus agt. Emil Kreis.

*Arrest—Order of, under subdivision 4, section 549, Code of Civil Procedure— When must be vacated— Complaint must be presented with motion for the arrest.*

In an action upon contract the imperative requirement is, that it must be alleged in the complaint that the defendant was guilty of fraud.

Where there is no complaint presented with the motion for the arrest, and the affidavits do not aver what the allegations of the complaint were, the order of arrest will be vacated.

*Special Term, June,* 1884.

Hyatt, *J.*— This is a motion to vacate the order of arrest herein, upon the ground that there was no complaint presented with the motion for the arrest, and that the affidavits did not aver what the allegations of the complaint were. Although there is no proof before the court that there was no complaint, yet it was conceded upon the argument that there was none. Subdivision 4 of section 549, Code of Civil Procedure provides that an order of arrest may issue in an action "on contract, where it is alleged in the complaint that the defendant was guilty of a fraud in contracting the liability." The language of the law is clear and unqualified ; its imperative requirement

is, that it must be alleged in the complaint that the defendant was guilty of fraud. This has been directly decided by the general term of the superior court of New York city in the case of *Lawrence* agt. *Foxwell* (4 *N. Y. Civ. Pro. R.*, 351).

The provision is an exceptional one, but it is possible that in view of the notorious fact, that the right to an order of arrest was most frequently abused in cases embraced in subdivision 4, of section 549, Code of Civil Procedure, the legislature determined to require this additional safeguard in this class of cases ; but whatever may have been the motive, the language is free from doubt and the absence of the complaint or of affidavits averring the allegations of the complaint, is fatal to the order of arrest.

I am not unmindful of the case of *O'Shea* agt. *Kohn*, (decided at the general term, New York supreme court, first department, May 29, 1884), wherein the court affirmed an order denying a motion to vacate an order of arrest. The learned justice, writing the opinion of the court says, " the motion was made because of the alleged insufficiency of the affidavits on which the order was founded," and after showing the sufficiency of the affidavits he states that " when the complaint shall be served, allegations containing statements of these facts will set forth a cause of action for the fraudulent purchase of the plaintiff's property, and the right to damages for its value."

Assuming the facts of that case to be similar to those constituting the case at bar, yet it does not appear in the said opinion that the question here at issue was raised or considered. The sufficiency of the affidavits having been there determined, it would seem that the further statement recited in the opinion was *obiter*, and whatever may be the natural inference to be drawn therefrom, it cannot bring the decision within the doctrine of *stare decisis*, as applicable to the case at bar.

It follows that the motion will be granted, upon condition however that the defendant stipulates not to sue for damages arising out of the order of arrest.