### LENNON *v.* BRANDT.

*(City Court of New York, Special Term.* May, 1888.)

ARREST—IN CIVIL ACTIONS—SUFFICIENCY OF COMPLAINT—FRAUD.

> Under Code Civil Proc. N. Y. § 549, as amended by Laws 1886, c. 672, permitting an order of arrest in an action on contract where the complaint alleges that defendant has removed his property with intent to defraud creditors, and section 558, as amended by the same act, requiring the order to be vacated when the complaint fails to set out a sufficient cause of action, as required by section 549, but permitting the service of an amended complaint before granting an order applied for after service of the complaint, an order of arrest, granted after service of summons and complaint on an affidavit setting out a fraudulent disposition of property, will be vacated where there is no allegation thereof in the complaint, and no amended complaint is served before the order is granted.

Motion to vacate order of arrest.

Action by Thomas J. Lennon against John Brandt, commenced by service of summons and complaint April 25, 1888, for goods sold and delivered. On April 27, 1888, plaintiff obtained an order of arrest on an affidavit that defendant had disposed of his property with intent to defraud creditors. Defendant moved to vacate the order because the complaint failed to set forth a sufficient cause of action, as required by Code Civil Proc. § 549, and no amended complaint has been served or made as required by section 558.

Sections 549, 550, 558, Code Civil Proc. N. Y., as amended by Laws 1886, c. 672, are as follows: Sec. 549. "A defendant may be arrested in an action, as prescribed in this title, where the action is brought for either of the following causes: (1) To recover a fine or penalty. (2) To recover damages for a personal injury; an injury to property, including the wrongful taking, detention, or conversion of personal property; breach of a promise to marry; misconduct or neglect in office, or in a professional employment; fraud or deceit; or to recover a chattel where it is alleged in the complaint that the chattel or a part thereof has been concealed, removed, or disposed of so that it cannot be found or taken by the sheriff, and with intent that it should not be so found or taken, or to deprive the plaintiff of the benefit thereof; or to recover for money received; or to recover property or damages for the conversion or misapplication of property, where it is alleged in the complaint that the money was received, or the property was embezzled or fraudulently misapplied, by a public officer, or by an attorney, solicitor, or counselor, or by an officer or agent of a corporation or banking association, in the course of his employment, or by a

factor, agent, broker, or other person in a fiduciary capacity. Where such allegation is made, the plaintiff cannot recover unless he proves the same on the trial of the action, and a judgment for the defendant is not a bar to a new action to recover the money or chattel. (3) To recover moneys, funds, or property held or owned by the state, or held or owned officially or otherwise for or in behalf of a public or a governmental interest by a municipal or other public corporation, board, officer, custodian, agency, or agent of the state, or of a city, county, town, village, or other division, subdivision, department, or portion of the state which the defendant has, without right, obtained, received, converted, or disposed of; or to recover damages for so obtaining, receiving, paying, converting, or disposing of the same. . (4) In an action upon contract, express or implied, other than a promise to marry, where it is alleged in the complaint that the defendant was guilty of a fraud in contracting or incurring the liability, or that he has, since the making of the contract, or in contemplation of making of the same, removed or disposed of his property with intent to defraud his creditors, or is about to remove or dispose of the same with like intent; but where such allegation is made the plaintiff cannot recover unless he proves the fraud on the trial of the action, and a judgment for the defendant is not a bar to a new action to recover upon the contract only." Sec. 550. "A defendant may be also arrested in an action wherein the judgment demanded requires the performance of an act, neglect or refusal to perform which would be punishable by the court as a contempt, where the defendant is not a resident of the state, or, being a resident, is about to depart therefrom, by reason of which non-residence or departure there is danger that a judgment or an order requiring the performance of the act will be rendered ineffectual." Sec. 558. * * * "At any time after the filing or service of the complaint the order of arrest must be vacated on motion, if the complaint fails to set forth a sufficient cause of action, as required by section 549 of this act; but where the order is applied for after the filing or service of the complaint, the court, before granting the same, may, without notice, direct the service of an amended complaint, so as to conform to the allegations required in subdivisions 2 and 4, § 549, of this act."

*John R. Tresidder*, for motion.   *Hiram Ketchum*, opposed.

McADAM, C. J.   Since the amendment to sections 549 and 550 of the Code, made in 1886, (chapter 672,) the plaintiff, if he obtains an order to arrest the defendant on the ground of fraudulent disposition of property, must allege the facts in his complaint, or the arrest must be vacated. Section 558. Where the arrest is applied for after the service of the complaint, the court, "before" granting the order, may, without notice, direct the service of an amended complaint, so as to make the allegations conform to the Code requirement. Section 558, *supra.* The object of the amendment of 1886 was to change the rule previously existing, and to require the plaintiff to put into his complaint the allegations as to fraudulent dispositions of property that have, in this instance, been left out. The cases construing the provisions referred to prior to their amendment are inapplicable. The motion to vacate the order of arrest must therefore be granted, but without costs.