## THOMPSON v. BEST.

*(Supreme Court, Special Term, New York County. June 11, 1888.)*

ARREST—IN CIVIL CASES—AFFIDAVIT.

> An affidavit for arrest in an action for money alleged to have been converted by defendant, made by plaintiff's attorney on information and belief, which states as the grounds of deponent's information written communications made by plaintiff, and letters, statements, and other writings made, written, and furnished by defendant, and in deponent's possession, sufficiently discloses the source of information, and it is unnecessary that copies of the letters or communications be attached to the affidavit.[1]

At chambers. Motion to vacate order of arrest.

Motion to vacate an order of arrest, granted upon a complaint and affidavit verified by plaintiff's attorney on information and belief. The complaint alleged that plaintiff and other creditors placed their claims in defendant's hands for collection, and subsequently advanced him money to purchase certain of the debtor's lands, which were sold at auction; that defendant purchased such lands in his own name, but as agent or trustee for plaintiff and the other creditors, and had resold them, refusing to account to plaintiff and the other creditors for their respective shares of the proceeds. The complaint further alleged that the amount to which plaintiff was entitled out of such proceeds, together with the amount advanced by him, was $5,000, for which sum he prayed judgment. The affidavit stated as the grounds of deponent's information and belief written communications made by plaintiff, and letters, statements, and other writings made, written, and furnished by defendant, and in deponent's possession.

*Donahue, Newcombe & Cardozo,* for the motion. *William Lindsay,* opposed.

LAWRENCE, J. The motion in this case is to vacate the order on the ground of irregularity. It proceeds on the ground that the affidavit upon which the order was granted is entirely insufficient to support it. The cases cited by the counsel for the plaintiff, under rule 37 of this court, have therefore no application.

The cause of action stated in the complaint is not for an accounting, but to recover a certain sum of money alleged to be due to the plaintiff, and which, after demand, the defendant has refused to pay over, and has converted to his own use. It is claimed by the defendant that the affidavit is insufficient, because it does not appear that the statements made by the attorney verifying it are borne out by the letters, statements, papers, and communications which are averred to be the sources of the knowledge of said attorney; and also that there are statements in the complaint which are inconsistent with those in the affidavit. I am well aware of the rule that where an affidavit is made on information and belief, it is incumbent upon the affiant to disclose the sources of information, and also of the strictness with which that rule has been applied in cases of arrest and attachment. But those cases do not go to the extent of holding that it is always incumbent, where the affidavit is made by an agent or attorney, that copies of the letters or communications from the principal or client should be attached to the affidavit; and it seems to me that the rule will be complied with if, after stating such sources, the affiant makes out a case which would, if verified by the principal, warrant the issuing of an order of arrest. See *Gribbon* v. *Back,* 35 Hun, 541. I am therefore of the opinion that the facts stated in the affidavit were sufficient to make out a *prima facie* case, and that no ground exists for vacating the same in the absence of any explanation of those facts by the defendant.

[1] See Crowns v. Vail, *ante,* 218.