### ROEBER v. DAWSON.

*(City Court of New York, General Term.* December 27, 1888.)

1. EXECUTION—AGAINST THE PERSON—WHEN ALLOWED—ORDER OF ARREST.

Under Code Civil Proc. N. Y. § 549, as amended by Laws 1886, c. 672, allowing an order of arrest where the complaint alleges that the money was received or the property was fraudulently misapplied by an agent, and declaring that a judgment for defendant is not a bar to a new action to recover the money or chattel, an action for money converted by an agent is *ex delicto,* and the right to arrest is a part of it; and under section 1487, allowing an execution against the person where the right to arrest depends on the nature of the action, such execution may issue, though no order of arrest has been granted.

2. SAME—JUDGMENT ENTERED WITH CLERK—COLLATERAL ATTACK.

A judgment entered with the clerk, when application should have been made to the court, is voidable only, and can be attacked only, by direct motion founded on the irregularity, and will authorize an execution against the person.

Appeal from special term.

Action by William Roeber against George W. Dawson. An execution against the person was vacated, and plaintiff appeals. Code Civil Proc. N. Y. § 549, as amended by Laws 1886, c. 672, provides that "a defendant may be arrested in an action, as prescribed in this title, where the action is brought for either of the following causes: * * * (2) To recover damages for * * * misconduct or neglect in office, or in a professional employment; fraud or deceit; * * * or to recover for money received, or to recover property, or damages for the conversion or misapplication of property,— where it is alleged in the complaint that the money was received or the property was embezzled or fraudulently misapplied by a public officer, or by an attorney, solicitor, or counselor, or by an officer or agent of a corporation or banking association, in the course of his employment, or by a factor, agent, broker, or other person in a fiduciary capacity. Where such allegation is

*b*

made, the plaintiff cannot recover unless he proves the same on trial of the action; and a judgment for the defendant is not a bar to the new action to recover the money or chattel. * * * (4) In an action upon contract, express or implied, other than a promise to marry, where it is alleged in the complaint that the defendant was guilty of a fraud in contracting or incurring the liability, or that he has, since the making of the contract, or in contemplation of the making of the same, removed or disposed of his property with intent to defraud his creditors, or is about to remove or dispose of the same with like intent; but, where such allegation is made, the plaintiff cannot recover unless he proves the fraud on the trial of the action, and a judgment for the defendant is not a bar to a new action to recover upon the contract only." Section 1487 provides that, "where a judgment can be enforced by execution, * * * an execution against the person of the judgment debtor may be issued thereupon, * * * where the plaintiff's right to arrest the defendant depends upon the nature of the action. * * *"

Argued before McADAM, C. J., and NEHRBAS and BROWNE, JJ.

*E. P. Wilder*, for appellant.　　*W. G. McCrea*, for respondent.

PER CURIAM. The action is for money converted by the defendant as agent in a fiduciary capacity. It was formerly regarded as an action on contract, and the right of arrest extrinsic. *Segelken* v. *Meyer*, 94 N. Y. 484; *Donovan* v. *Cornell*, 8 Civ. Proc. R. 283. The allegation of conversion was treated as surplusage, and not issuable, (Id.,) and no execution against the person could issue unless an order of arrest had been obtained prior to judgment, (*Wood* v. *Henry*, 40 N. Y. 124.) Since the amendment made, in 1886, to section 549 of the Code, this rule has been changed. The right to arrest in such a case is no longer extrinsic to the cause of action, but is made an essential part of it. The action is (by this section) treated as one *ex delicto;* for the last portion of section 549 provides that a judgment for the defendant will not bar a new action (*ex contractu*) to recover the money. The judgment in such an action (*ex delicto*) authorizes an execution against the person without the prerequisite of an order to arrest. Code, § 1487. The court below, in holding otherwise, clearly erred in its construction of section 549, *supra*. The fact that the plaintiff entered judgment with the clerk, without application to the court, may have rendered the judgment voidable for irregularity, but not void. It can only be attacked by a direct motion founded on the irregularity complained of. It is good until set aside, and while in force is sufficient to authorize an execution against the person. It follows that the order appealed from must be reversed, with costs.