## MARTIN *v.* GROSS.

*(Superior Court of New York City, General Term.   March 5, 1889.)*

1. ARREST—IN CIVIL ACTIONS—AFFIDAVIT ON INFORMATION AND BELIEF.
    An order of arrest cannot be granted on an affidavit on information and belief. where no reason why the affiant's informant does not make an affidavit is given, and it is insufficient that the affiant states that he was unable to obtain the affidavit of such informant.

2. SAME—CAUSE OF ACTION AGAINST BROKER.
    An affidavit stating that plaintiff gave to defendant, who was a broker, certain sums as margin in the sale of oil; that defendant was requested to close oil, and promised so to do, and to settle his accounts, and return such margin, but failed to do so, and has converted the same,—does not show that anything is due plaintiff, and will not sustain an order of arrest.

3. SAME—MOTION TO VACATE BEFORE ARREST.
    Defendant may move to vacate an order of arrest before service thereof, notwithstanding that Code Civil Proc. § 567, which limits the time therefor, provides for a motion by a defendant who has been arrested; especially as section 568 permits the motion to be founded on the papers on which the order was granted.

Appeal from special term.

In this action by Thompson Martin against Theodore Gross, plaintiff obtained an order of arrest, which defendant moved to vacate. The motion was denied, and defendant appeals. Code Civil Proc. § 567, provides that, "except where an order of arrest can be granted only by the court, a defendant arrested as prescribed in this title may at any time before final judgment, or, if he was arrested within 20 days before final judgment, at any time within 20 days after the arrest, apply to vacate the order of arrest," etc., and also provides for an application in a case where the order of arrest can be granted only by the court.

Argued before SEDGWICK, C. J., and TRUAX, J.

*Benno Loewy,* for appellant.   *F. M. Evarts,* for respondent.

TRUAX, J.   The motion to vacate the order of arrest was made upon the papers upon which the order of arrest was granted. The respondent claims that the order should be affirmed because it nowhere appears that the defendant had been arrested, and cites section 567 of the Code of Civil Procedure in support of his claim. The object of that section is to limit the time in which a person arrested shall make his motion to vacate the order of arrest, or to reduce the amount of bail, or to increase the security given by the plaintiff. Section 568 provides that an application to vacate an order of arrest may be founded only upon the papers upon which it is granted. Now, when such an application is founded only upon the papers upon which the order of arrest was granted, it will not appear whether the defendant has or has not been arrested; and to hold that the defendant cannot move to vacate an order of arrest until after he has been arrested would in effect nullify this provision of the Code. We are of the opinion that the power of the court to vacate an order of arrest before the service thereof is one of the inherent powers of the court, to be exercised within the limitations prescribed by sections 567 and 568 of the Code of Civil Procedure.

The order of arrest was granted on affidavits without a complaint. The affidavits show four causes of action, three of which plaintiff holds by assignment. As to two of the causes of action, the averments are all on information and belief. We are of the opinion that the affidavits as far as these two causes of action are concerned did not warrant granting the order of arrest. No reason is given why the persons who gave plaintiff the information on which his affidavit was based have not made affidavits of the facts within their knowledge. Plaintiff could not prove his case at the trial by showing that he had received certain information, and there is no reason why he should be allowed an order of arrest on such information. No man should be arrested civilly on

mere information and belief.  Mere information and belief is not proof or evidence, in any legal sense, (*Roderigas* v. *Bank*, 76 N. Y. 323;) or, as was said in *Mowry* v. *Sanborn*, 65 N. Y. 584: "It may, as a general rule, be safely affirmed that, in the sense of the law, a general assertion of a fact in an affidavit upon information and belief proves nothing."  When a plaintiff wishes to obtain an order of arrest on information that he has obtained from other persons, it is at least his duty to give some reason why he does not present affidavits from the persons who have given him his information.  It is true that the plain-tiff herein says that he has been unable to obtain the affidavits of the persons from whom he obtained his information, but he does not give a legal excuse for his failure to obtain such affidavits.  It thus appears that, as to two causes of action set forth in plaintiff's affidavits, the order of arrest was improperly granted, and for this reason the motion to vacate should have been granted. *Madge* v. *Puig*, 71 N. Y. 608; *Telegraph Co.* v. *Middleton*, 80 N. Y. 408; *Knight* v. *Abell*, 1 N. Y. Supp. 288.

The four causes of action set up in the moving papers are the same kind, viz.: The plaintiff alleges that he and his assignors gave to the defendant, who was a broker in stocks, oil, and grain, certain sums of money as margin in the sale of oil; that the defendant was requested to close oil; that the defendant promised so to do, and also promised to settle his accounts, and to return said margin; and that he has failed so to do, but has converted the same.  It evidently was the intention of the plaintiff to set forth a right to arrest within subdivision 3 of section 549 of the Code of Civil Procedure; but it is to be noticed that no-where does the plaintiff allege in apt language that a certain sum is due him from defendant.  It may well be that plaintiff and his assignors gave the defendant certain sums of money as margin in the sale of oil, but it does not necessarily follow that any of the margin yet remains with the defendant to be returned to plaintiff.  The agreement between plaintiff and his assignors and the defendant might have been that defendant might use the money he received as his own, and that he would pay whatever amount was due on demand, (see *McBurney* v. *Martin*, 6 Rob. N. Y. 502; *Robbins* v. *Falconer*, 43 N. Y. Super. Ct. 363;) and, as the plaintiff has not shown by legal evidence that anything is due him, the order of arrest should have been vacated.  The order is reversed, with costs; and the order of arrest is vacated, with $10 costs. All concur.