### WILBUR *et al. v.* ALLEN.

(*Supreme Court, Special Term, New York County.* March 15, 1889.)

ARREST IN CIVIL ACTION—COMPLAINT.

> Though, since the amendment of 1886 to Code Civil Proc. N. Y. § 549, an action to recover moneys converted by defendant as plaintiff's agent, while acting in a fiduciary capacity, is to be treated as an action *ex delicto*, a complaint which does not allege that defendant acted in "a fiduciary relation," or allege any violation of trust beyond the statement of the non-payment of moneys received as agent, is not sufficient to authorize an order for arrest.

At chambers. On motion to vacate an order of arrest.

Action by Samuel T. Wilbur and Samuel Orr against John H. Allen, doing business as the Equitable Stock, Grain & Oil Company.

*Job E. Hedges,* for plaintiffs. *Peter Mitchell,* for defendant.

O'BRIEN, J. This is a motion to vacate an order of arrest. The action is brought against defendant, as the agent and broker of the plaintiffs, to recover damages for the alleged unlawful and fraudulent conversion of the proceeds of certain stocks. In *Greentree* v. *Rosenstock*, 61 N. Y. 583, it was said that such an action could not be sustained if brought on the theory of a tort. This case was decided prior to the amendment in 1886 of section 549 of the Code. The effect of this amendment of 1886 has been passed upon in the case of *Roeber* v. *Dawson*, 3 N. Y. Supp. 122, wherein it was held that "although, prior to the amendment, * * * an action to recover moneys converted by the defendant as plaintiff's agent, while acting in a fiduciary capacity, was regarded as an action on contract, and the right to arrest defendant therefor extrinsic, it is, since such amendment, no longer extrinsic to the cause of action, but an essential part of it, and the action is now by this section treated as one *ex delicto*."

The facts are not stated in the opinion, but the decision is based upon and it is assumed that the agent acted in a fiduciary capacity. In the case of *Decatur* v. *Goodrich*, 44 Hun, 3, decided since the amendment, the court say the words "in a fiduciary character" qualify all the persons described. There must be shown a violation of the trust,—some wrong-doing on the part of the defendant, more than the mere non-payment of money received, even though it was received by an agent. Where, therefore, a fiduciary relation is alleged and proven, the case falls within section 549 as amended, and the defendant is advised by such an allegation that a judgment is sought against him, making him liable to arrest. The complaint here does not allege that the broker acted

"in a fiduciary relation," nor is there alleged any violation of trust or wrong-doing, beyond the statement of the non-payment of moneys received as agent. This is clearly insufficient. This would seemingly render unnecessary any discussion of the other ground relied upon, viz., whether the defendant was or was not the agent or broker of plaintiff. But, to prevent any uncertainty as to my views, I may add that, the cause of action and the right to arrest being now identical, the decision of this question would be passing upon the merits of the case, which the court will not do on motion, unless satisfied, upon the facts, that the court should nonsuit plaintiff, or direct a verdict for defendant at a trial. *Meyers* v. *Coffee*, 4 Month. Law Bul. 2; *Honer* v. *Smith*, 1 Month. Law Bul. 10; *Bachman* v. *Goldmark*, 48 N.Y. Super. Ct. 549. These and other cases in substance decide that the merits of the controversy should not be determined upon affidavits, but should be allowed to await the trial of the action. For the reasons first stated, however, the motion to vacate order of arrest should be granted.