HOBOKEN BEEF CO., Limited, *v.* LOEFFEL.

(*Supreme Court, General Term, First Department.* March 29, 1889.)

ARREST—IN CIVIL ACTION—FRAUD.

> Code Civil Proc. N. Y. § 549, subd. 4, provides that the defendant may be arrested "in an action upon contract, express or implied, other than a promise to marry, where it is alleged in the complaint that the defendant was guilty of a fraud in contracting or incurring the liability." *Held,* that where the complaint, setting up a cause of action for goods sold and delivered, also alleges that defendant, in order to induce plaintiff to make the sale, and with the intent to defraud him of the goods sold, made certain false and fraudulent representations, the defendant may be arrested. It is not necessary that the complaint seek or allege damages by reason of the fraud.

Appeal from special term, New York county.

Action by the Hoboken Beef Company, Limited, against Carl Loeffel, for goods sold and delivered. The defendant was taken into custody on an order of arrest. On motion to vacate the order, Justice O'BRIEN delivered the following opinion: "The ground upon which the defendant seeks to set aside the order of arrest is that the complaint states a cause of action on a contract, and that the allegations that he perpetrated a fraud in making the purchase by means of false representations as to his solvency does not change the character of the action, which is still one *ex contractu;* and therefore the order of arrest, which can only be granted in an action *ex delicto*, must be set aside. After a careful examination of section 549, subd. 4, I am unable to agree in this construction of the complaint or the law as embodied in that section. The complaint alleges a cause of action, it is true, upon contract, but it also alleges facts showing a fraud in incurring the liability. This is seemingly the proper construction to be given to this section of the Code, which permits the bringing of an action brought upon contract, and requires, where an order of arrest is sought to be obtained for fraud, that there should be allegations of such fraud in the complaint itself, upon which issue can be joined by answer. Motion to vacate order of arrest denied." Defendant appeals.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*M. J. Stein,* (*Henry Cooper,* of counsel,) for appellant.    *G. A. Heaney,* for respondent.

VAN BRUNT, P J.   The appellant in his points has stated the ground of the motion to set aside the order of arrest obtained herein to be that the complaint states a cause of action on contract, and does not allege fraud with damage.   In view of this statement of the ground upon which the appellant founds his motion, it is not at all necessary to consider the allegations contained in the complaint, because he concedes that, if an order of arrest may be obtained in an action upon contract which does not allege fraud with damage, this appeal is not well taken.   It seems to us that a very brief consideration of section 549 of the Code disposes of the objection.   That section provides that the defendant may be arrested in an action brought for either of the following causes; and subdivision 4 is as follows: "In an action upon contract, express or implied, other than a promise to marry, where it is alleged in the complaint that the defendant was guilty of a fraud in contracting or incurring the liability."   An order of arrest may issue, therefore, in actions on contract, where the cause of action is simply on contract, but in such cases it is necesssry that the complaint should contain something more, namely, an allegation that in incurring the liability on the contract which was sued for the defendant was guilty of a fraud.   The action need not be to recover damages because of the fraud.   If the defendant was guilty of fraud in incurring the liability on contract which forms the subject of the action, and it is so alleged in the complaint, then the right to arrest follows.   In the case at bar the complaint sets up a cause of action for goods sold and delivered, and it also contains allegations that, in order to induce the plaintiff to make such sale, and with intent to defraud it of the goods so sold, the defendant falsely and fraudulently represented to the plaintiff that he owned certain real estate in the county of Hudson, in the state of New Jersey, and that said real estate was free and unincumbered, and that the plaintiff, relying upon said representations, and being deceived thereby, was induced to sell to the defendant the goods thereinbefore mentioned; that said representations were false and untrue, and known by defendant to be false and untrue; that the defendant did not own said real estate at the time of making the representations, nor did he own any other real estate in said county.   These were complete and perfect allegations of fraud, and the fact that the complaint does not seek or allege damages by reason of the fraud does not in any way interfere with the right of arrest; because, in an action upon contract, where the complaint alleges that the defendant was guilty of a fraud in incurring the liability, an order of arrest may issue.   These are the allegations in this complaint.   The action is upon contract, and it is alleged that the defendant fraudulently and for the purpose of deceiving the plaintiff made certain allegations in regard to his responsibility which were false.   This clearly constituted a fraud, and thereby brought the complaint within the provisions of the Code; and the order should be affirmed, with $10 costs and disbursements.

BARTLETT, J., concurs.