LUDLOW W. VALENTINE, Appellant, *v*. HERMAN T. RICH-
ARDT, Respondent.

*Supreme Court, Second Department, General Term, June 28, 1889.*

*Arrest. Fraud.*—A person, who wrongfully obtains personal property
from another party, contracts a debt within the meaning of section
549 of the Code, and may, under subdivision 4 of this section, be
arrested in an action upon contract express or implied, where it is
alleged in the complaint that the defendant was guilty of a fraud in
contracting or incurring the indebtedness.

*Cornell, Secor & Page,* for appellant.

*Donohue, Newcombe & Cardozo,* for respondent.

DYKMAN, J.—This is an action for the recovery of a judg-
ment against the defendant for money and other personal
property alleged to have been fraudulently obtained from
the mother of the plaintiff by the defendant. It is true the
complaint demands an accounting, but that prayer is un-
necessary and immaterial, and the action is based upon the
fraudulent obtainment of the money and personal property
from the deceased woman. The claim has been assigned to
the plaintiff by the administrators of the deceased, and he is
in a position to maintain the action.

An order of arrest was granted against the defendant,
which was subsequently vacated, and plaintiff has appealed
from the last order.

If the defendant obtained, by fraud, from the mother of
the plaintiff, upwards of $10,000 of personal property, the
law immediately implied a promise on his part to account
to her for the same, and at any time thereafter she could
have maintained an action against him upon such implied
contract for the recovery of the property. This rule is ap-
plicable to personal property as well as money.

The conclusion is thus easily reached that by implication

of law the defendant contracted a debt when he wrongfully obtained the property from the deceased, and by subdivision four of section 549, a defendant may be arrested in an action upon contract express or implied * * * where it is alleged in the complaint that the defendant was guilty of a fraud in contracting or incurring the liability. So that a simple allegation in a complaint that a defendant was guilty of a fraud in contracting or incurring the liability upon which the action is based is sufficient to justify an arrest in the action.

The complaint in this action contains such a positive allegation, and if it be requisite to establish a fraud in the procurement of the money and property by the defendant, such fraud is manifested by the facts which prove its obtainment. If it was received by the defendant from the deceased, the surrounding circumstances all conspire to prove its procurement by fraud.

Our conclusion is that the order of arrest was properly granted, and that the order vacating the same was erroneous and should be reversed, with ten dollars costs and disbursements.

PRATT, J., concurs; BARNARD, P. J., not sitting.