### CARRIGAN *v.* WASHBURN *et al.*[1]

*(City Court of New York, General Term.* October 31, 1889.)

EXECUTION AGAINST THE PERSON—CHANGE IN FORM OF ACTION.

    Where plaintiff in an action on a contract so amends his complaint, by alleging fraud and deceit, as to change the action into one for tort, he acquires the right, on recovering judgment, to issue an execution against the person of defendant, whether an order of arrest had issued in the action or not.

Appeal from special term.

Action by George Carrigan against Henry L. Washburn and others on a promissory note. Plaintiff appeals from an order vacating execution issued against the person of defendant Washburn.

Argued before McADAM, C. J., and EHRLICH and HOLME, JJ.

*Harrison & Langdon,* for appellant. *William L. Van Derzee,* for respondent.

PER CURIAM. If the court below had contented itself with passing on the question whether a *supersedeas* should have been allowed, and the defendant discharged from arrest, there might have been sufficient in the affidavits to have upheld his order, the parties being in conflict as to the cause of the delay in issuing final process; but the court did not do this. It went upon other grounds, and held that the final process was void *ab initio.* This action was commenced upon contract. An order of arrest was issued, which was subsequently vacated. This would have prevented an arrest upon final process, if the record had remained the same; but it did not. The plaintiff moved for and obtained leave to amend his complaint by changing the action from contract into tort, by alleging fraud and deceit; and in this form of action, after issue joined and a trial on the merits, the plaintiff recovered a judgment against the defendant, and with it acquired the right to arrest the defendant, independently of the question whether an order of arrest had' issued in the action or not. *Roeber* v. *Dawson,* 3 N. Y. Supp. 122. The amended pleadings superseded the originals, which, for all practical purposes, ceased to form part of the record. The amended pleadings, when interposed, became the only pleadings in the case for all subsequent purposes. The dishonored notes of the defendant did not pay the judgment, or change its character. An unperformed and broken promise pays nothing, changes nothing. See *Haggerty* v. *Simpson,* 1 E. D. Smith, 67. The execution against the person was not void, *ab initio* or otherwise. It follows that the order appealed from must be reversed, with costs, on payment of which the defendant will be permitted to renew his application for a *supersedeas,* to the end that the special term judge may pass on the conflict in the evidence as to the laches imputed to the plaintiff, and to the truth and sufficiency of the excuse offered for the delay in issuing the execution against the person.

[1]Reversing 2 N. Y. Supp. 616.