## McBride *et al.* v. Langan *et al.*

*(Supreme Court, Special Term, New York County.* April 14, 1890.)

Arrest—In Civil Actions—Fraud.
    A complaint in an action for the price of goods sold, which alleges that defendants were guilty of fraud in contracting the debt, and that they have disposed of their property with intent to defraud their creditors, is sufficient, when supported by proper proof, to support a warrant of arrest.

At chambers.  Action by Harry McBride and Charles F. Droste, partners, doing business as produce commission merchants, under the firm name of McBride & Co., against Patrick T. Langan, George E. de le Ree, and Joseph P. Langan, partners under the firm name of P. T. Langan & Co., for the price of goods sold and delivered by plaintiffs to defendants.  Plaintiffs alleged that defendants fraudulently contracted the debt for the goods purchased by them, and filed an affidavit specifying the alleged fraudulent acts, and alleging "that in the month of May, 1887, the defendants formed their copartnership for the purpose of carrying on business as produce commission merchants

with a capital of $17,176.71. It appears from the schedules signed, verified, and filed by the defendants in the office of the clerk of the court of common pleas in November, 1888, that their liabilities were $22,623.91 larger upon the day of their assignment than the actual value of their assets, thereby showing a loss in the said business since its formation, on May 1, 1887, of $39,800.62. That deponent is familiar with the nature of the business conducted by the defendants, and avers that, in view of the good trade, the general experience of merchants in the same line, and a rising market, which facts existed during said copartnership, it was not within the range of possibilities for the defendants to have lost within so short a space of time so enormous a sum of money, in view of the fact, as it appears from their books, that they did a yearly business of only about $100,000. * * * That on or about October 2, 1888, the defendants caused two actions to be commenced against them in the supreme court held in this county,—one by Catharine Langan, wife of the defendant Patrick T. Langan, for the sum of nine thousand dollars, upon two promissory notes payable to her upon demand, one for the sum of $1,000 and the other for the sum of $8,000, purporting to have been signed by the defendants on May 1, 1888; and the other action, Josephine de le Ree, wife of the defendant George E. de le Ree, for the sum of six thousand dollars, likewise upon two promissory notes payable to her on demand, one for the sum of $1,000 and the other for the sum of $5,000, also purporting to have been signed by the defendants on May 1, 1888,—all of said notes bearing that date, and sworn to in the complaint in said actions by the said Catharine Langan and Josephine de le Ree as having been executed and delivered on that day. That, although the said two judgments were entered after the said assignment, it was the intention of the defendants, as deponent is informed by the defendant De le Ree, and verily believes, to have the said judgments entered and execution issued thereon before the assignment, so as to establish a first lien, when the defendant De le Ree protested against such a course. Deponent further says that the said defendant De le Ree has since caused the said judgment in ·favor of his wife to be canceled, and has admitted to the plaintiffs and to others that the said promissory notes were written out by him and signed by the said firm on or about October 1, 1888, and were executed and delivered without any value therefor, but with the fraudulent intention of having the said two actions commenced thereon, and the amounts thereof collected for the benefit of the defendant by execution. That the said Josephine de le Ree and Catharine Langan have presented their said claims to the assignee duly verified, and, while the said Josephine de le Ree has withdrawn hers, the said Catharine Langan demands a distributive share of the assets in proportion to the amount of her alleged claim or judgment. That the said defendant De le Ree has further admitted to the plaintiffs and to others that the financial affairs of said firm of P. T. Langan & Co. were in such a condition in October last as not to necessitate an assignment for the benefit of creditors; that they were solvent, and could have met all of their firm obligations. Deponent further says that at the meeting of the creditors of said insolvent firm hereinbefore referred to the defendants offered to pay the creditors twenty-five per cent. in cash, and twenty-five per cent. in notes unsecured, which was declined. That the books kept by the defendants in their said business failed to show any entries of the alleged loans to the said firm by Robert Dorian, Catharine Langan, and Josephine de le Ree, or either of them, nor any payments by the defendants to them, or either of them. Wherefore deponent charges that the defendants were guilty of a fraud in contracting or incurring the said liability, and that since the making of the said purchase, or in contemplation of making the same, have removed or disposed of their property with intent to defraud their creditors."

An order for the arrest of P. T. Langan was granted, which he now moves to vacate. For decision on motion to amend complaint, see *post*, 554.

*Francis W. Judge, Jr.*, for plaintiffs.  *J. Woolsey Shepard*, for defendants.

BARRETT, J. This case differs from those where no averments of fraud were made in the complaint. The court there was without jurisdiction to grant the order of arrest. Here, however, averments of fraud are made, though imperfectly. The statement that the defendants were guilty of fraud in contracting the debt may not be issuable, but the statement that they have disposed of their property with intent to defraud their creditors is. It would, of course, be insufficient, standing alone and without proofs, to warrant an order of arrest. With proper proofs, however, *dehors* the complaint, it was sufficient to confer jurisdiction. It is even questionable whether the averment that the defendant was guilty of fraud may not be sufficient to confer jurisdiction, (*Valentine* v. *Richardt*, 6 N. Y. Supp. 197, 953,) and whether the remedy is not to make more definite, though my own opinion is that such a statement is not the statement of an issuable fact. As, however, there is a statement of an issuable fact as to the disposition of property, and as the case cited seems to hold that the general allegation in the language of the Code is sufficient, I feel bound to deny the motion to vacate, with costs.

ARREST—IN CIVIL ACTIONS—FRAUD—PLEADING.