HANSON *et al. v.* LANGAN *et al.*

(*City Court of New York, General Term.*   April 30, 1890.)

1. ARREST IN CIVIL CASES—FRAUD—PLEADING.

To justify an arrest, as provided for by Code Civil Proc. N. Y. § 549, subd. 4, "in an action upon contract,  *  *  *  where it is alleged in the complaint that the defendant was guilty of a fraud in contracting or incurring the liability," the complaint must state in detail the facts constituting the alleged fraud; section 481 providing that a complaint must contain a plain and concise statement of the facts on which plaintiff relies.   Disapproving *Valentine* v. *Richardt*, 6 N. Y. Supp. 197.

2. SAME—AMENDMENT.

But where the complaint states a sufficient cause of action on contract, and the affidavit filed with it states in detail the facts constituting the fraud, the order of arrest should not be vacated without first giving plaintiff an opportunity to amend his complaint.

Appeal from special term.

Action by Henry Hanson and another against Patrick J. Langan and another.   Defendants appeal from order denying their motion to vacate an order of arrest.   Code Civil Proc. N. Y. § 549, subd. 4, provides that a defendant may be arrested "in an action upon contract, express or implied,  *  *  *  where it is alleged in the complaint that the defendant was guilty of a fraud in contracting or incurring the liability."

Argued before McADAM, C. J., and EHRLICH and GIEGERICH, JJ.

*J. Woolsey Shepard,* for appellants.   *F. W. Judge, Jr.,* and *J. Geo. Flammer,* for respondents.

McADAM, C. J.   Section 549, subd. 4, Code, in requiring the fraud for which an order of arrest is applied for to be alleged in the complaint, makes the fraud a substantial part of the cause of action.   It is as essential and material as the existence of the debt, and should be pleaded with the same particularity.   A general allegation of fraud, without setting out the facts showing the existence of the fraud, is bad.   It presents no fact upon which issue can be taken. *McMurray* v. *Gifford,* 5 How. Pr. 14; *Barber* v. *Morgan,* 51 Barb. 116.   Thus the words "duly," "lawfully," etc., without a statement of the special facts of which they are predicated, have, in general, no effect; for such terms are not only indefinite, but affirm matter of law, instead of fact, and consequently are not traversable.   Gould, Pl. 169, 170.   To charge that a party committed a fraud is likewise a mere conclusion.   The facts upon which the charge is founded must be alleged with sufficient particularity to warrant the conclusion asserted by the pleader.   The term "fraud" is the legal epithet applied to such facts.   Subdivision 4 requires the fraud to be alleged, and the rules of pleading regulate the manner of alleging it.   To allege, in the words of that subdivision, that the defendant was guilty of fraud in incurring the liability, or that he has since the making of the contract removed or disposed of his property, or is about to remove or dispose of the same, with intent to defraud creditors, is wholly insufficient.   The complaint in the present instance followed this form literally, and was for the reasons stated clearly defective.   The order of arrest was founded on this defective complaint, and on an affidavit stating the facts constituting the fraud in detail.   The defendants moved to vacate the order of arrest, and by moving upon the original papers admitted the truth of the facts charged therein, and, taking the complaint and affidavit together, there was sufficient to sustain the order.   But section 558 provides that, at any time after the filing or service of the complaint, the order of arrest must be vacated on motion, if the complaint fails to set forth a sufficient cause of action as required by section 549, supra.   The complaint here states a sufficient cause of action on contract, supplemented by a general charge of fraud.   While the allegations respecting the fraud are not sufficiently stated in detail to satisfy the requirements of the rules of pleading, it cannot be said

that the requirement of section 549 has been entirely disregarded. As was said by BARRETT, J., in *McBride* v. *Laugan*, (N. Y. Law J., April 15, 1890:) "The case differs from those where no averments of fraud were made in the complaint. The court there was without jurisdiction to grant the order of arrest. Here, however, averments of fraud are made, though imperfectly;" and, as the same learned justice said in deciding another motion in the same action, (Id.:) "It is not a case where we are asked to insert an allegation of fraud in a complaint which is simply upon contract, but in a complaint which attempts to set up fraud, but does it insufficiently." To this extent we approve of those decisions. In *Valentine* v. *Richardt*, 6 N. Y. Supp. 197, 953, it was held "that a simple allegation in a complaint that the defendant was guilty of a fraud in contracting or incurring the liability upon which the action is based is sufficient to justify an arrest in the action." We do not approve of this decision. The complaint must, under section 481 of the Code, contain a plain and concise statement of the facts upon which the plaintiff relies, and there is nothing in the Code provision in regard to arrests which changes this rule of pleading. The purpose of pleading is to inform the party against whom it is aimed of the nature of the cause of action, to the end that such party may prepare for the trial, and not become the victim of surprise in regard to the nature of the action. *Allen* v. *Allen*, 5 N. Y. Supp. 518. It must be reasonably definite and certain, not vague and indistinct. It differs from an affidavit in this: the latter is to present evidence to the court from which it may draw its conclusions as to the facts, whereas in a complaint evidence should not be alleged, but conclusions of fact averred, to be established by evidence at the trial. *Thompson* v. *Best*, 4 N. Y. Supp. 229.

While the complaint is imperfect, there is no reason why the plaintiffs should not be allowed to make it conform to prescribed practice, and the affidavit served with it shows that the error rests upon the pleader, rather than the want of facts. The object of section 550 was to require a plaintiff obtaining an order of arrest on the ground of fraud in contracting the debt, or for removing or disposing of his property, for the purpose of cheating creditors, to make the fraud the *gravamen* of the action, so that the defendant may, without disputing the debt, take issue and have a trial on the question of fraud charged, to the end that, if innocent of wrong-doing, the verdict may go in his favor, irrespective of the fact that the debt may be honestly owing. The general nature of the charge, as contained in the complaint, could not have prejudiced the defendants at the trial, because, in order to recover, the plaintiffs were bound to prove the fraud charged, or suffer defeat. The defendants could not have been misled or surprised by departure from the strict rule of pleading, for they had all the particulars in the affidavit which accompanied the complaint and order of arrest. The defendants also had it in their power to require, in advance of the trial, that the complaint be made more definite and certain, in which case the complaint, as amplified, would have given them no more information than the affidavit furnished. Under these circumstances, the objection seems to be one largely of form, and technical in character, not going to the jurisdiction of the court, and, under the liberal provisions of section 723, capable of remedy by amendment. The motion to vacate the arrest should not have been denied, but granted, unless the plaintiffs made their complaint conform to prescribed practice. It is proper to allow a party opposing a motion to amend the defects complained of without a new motion on his part, when the amendment proposed is proper in itself, and the court can see from the nature of the case that no new facts can be presented that ought to defeat it. *Spalding* v. *Spalding*, 3 How. Pr. 302; *Hawley* v. *Bates*, 19 Wend. 632; *Whealing* v. *Shales*, 20 Wend. 673. The order appealed from will therefore be modified by vacating the order of arrest, unless within six days the plaintiffs amend their complaint to conform to these views, and allowing the defendants, in case the amendment is made, six days thereafter within which to answer

the amended pleading; the amendment to be without prejudice to the proceedings already had. As modified, the order will be affirmed. As a condition of the amendment, however, the costs and disbursements of the appeal and $10 costs of the motion made below will be awarded to the defendants to abide the event of the action. All concur.