### HIRSH *v.* VAN DER PERREN.

*(Supreme Court, General Term, First Department. June 6, 1890.)*

ARREST IN CIVIL ACTION.

> Affidavits averring that defendant had admitted that he had obtained the delivery to him by plaintiff of a bill of lading by expressly promising to collect as the agent of plaintiff the money due for the goods represented by the bill, and pay it to plaintiff at once, and that he had collected the money, and personally appropriated it, are sufficient to justify an order of arrest.

Appeal from special term, New York county.

Action by Morris M. Hirsh, as sole survivor, etc., against Ferdinand van der Perren. Defendant appeals from an order denying his motion to vacate an order of arrest.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Theo. H. Friend,* for appellant. *Felix Jellinik,* for respondent.

BRADY, J. The complaint alleges that the claim set up is for moneys received by the defendant as agent for the plaintiff in a fiduciary capacity, and the affidavits show that such allegation was properly made. The defendant requested the plaintiff's agent, having possession of the same, to deliver to him a bill of lading, which was done upon the express promise and agreement that he would, as the agent of the plaintiff, collect the money due from the vendees of the merchandise represented by it, and pay over the same to the plaintiff immediately. This appears from a statement of these facts on information and belief, but to which is added a declaration by the affiant that the defendant admitted it to be true. And further it appears by an affidavit of another deponent that the defendant admitted his collection of the money, and his personal appropriation of it. There are no arguments within the whole realm of ingenuity that can overwhelm these elements. They contain all that is necessary to justify an order of arrest, and need only be stated to make that proposition unquestionable. The order appealed from must therefore be affirmed, with $10 costs, and the disbursements of the appeal. All concur.