### MORIARTY *v.* MORIARTY.

*(Superior Court of New York City, General Term. June 27, 1890.)*

DIVORCE—ALIMONY PENDENTE LITE.

Alimony *pendente lite* will not be granted in a suit for divorce on the ground of adultery where all the charges of adultery are made on information, and it does not appear that plaintiff believes the charges, and defendant positively denies them.

Appeal from special term.

Action for divorce by Doretta R. Moriarty against Jeremiah J. Moriarty. Defendant appeals from an order directing the payment of alimony *pendente lite* and counsel fees.

Argued before FREEDMAN and TRUAX, JJ.

*Peter Michell,* for appellant.   *George F. Martins,* for respondent.

TRUAX, J.   The action is brought to obtain an absolute divorce on the ground of the adultery of the defendant.   Alimony will not be granted in every action for divorce *a vinculo* brought by a wife against her husband. The plaintiff is bound, said the court of appeals in *Collins* v. *Collins,* 71 N. Y. 275, to present a case to the court showing that she has a fair prospect of success in the action.   In the action at bar, no such case was presented. The moving papers do not contain a single allegation relating to the adultery of the defendant worthy a moment's consideration by a court of justice. There are many vague statements in the moving papers to the effect that plaintiff had learned that defendant was living with a woman who claimed to be his wife; that other affiants had ascertained that defendant was keeping house with a woman who was known in the house, and who was reputed to be the wife of the defendant; that on one occasion one of the affiants was informed by this woman that she had been living with defendant for two years, and had occupied the same bed with him the night before.   But we are not told from whom plaintiff obtained this information, and the statement that plaintiff had learned that defendant was keeping house with a woman is not an allegation that defendant was in fact keeping house with a woman.   This court has lately held, in the case of *Martin* v. *Gross,* 4 N. Y. Supp. 337, that a general assertion of a fact upon information and belief proves nothing.   In the case before us, it does not even appear that plaintiff believed what she "ascertained" or was "informed" about the defendant; and the defendant and his alleged paramour deny that they are living together as husband and wife, or that they occupied a bed, as above stated.   I think that the rule to be followed in a case of this kind is well stated in *Monk* v. *Monk,* 7 Rob. (N. Y.) 153,—that alimony will not be granted in an action of this kind where all the charges of adultery on the part of the husband are made on information and belief, if the defendant positively denies the charges. Order appealed from reversed, and the motion for alimony denied, without costs, with leave to plaintiff to renew motion.