## FLATOW v. VON BREMSEN.

*(City Court of New York, Special Term.*   September 6, 1890.)

ARREST IN CIVIL ACTIONS—VACATING ORDER—INSUFFICIENT COMPLAINT.

Code Civil Proc. N. Y. § 558, provides that "at any time after the filing or service of the complaint the order of arrest must be vacated on motion, if the complaint fails to set forth a sufficient cause of action." Section 568 requires a motion to vacate an order of arrest made on the papers on which the order was granted to be heard on those papers only. *Held*, that where the complaint on which an order of arrest was granted fails to state a cause of action, an amended complaint filed after the order was made cannot be considered on the motion to vacate. Distinguishing *Hanson* v. *Langan*, 9 N. Y. Supp. 625; *McBride* v. *Langan*, 10 N. Y. Supp. 554.[1]

Action by Richard Flatow against Theodore Von Bremsen for slander. After the service of the complaint, which was made at the time of the arrest of the defendant, the plaintiff, without leave of court obtained therefor, served an amended complaint whereby special damages are alleged to have been sustained by reason of the utterance of the words set forth. The plaintiff contends that the amended complaint cannot be considered on this motion. Defendant moves to vacate an order or arrest on the papers upon which it was granted, on the ground that the complaint failed to set forth a sufficient cause of action. For decision on demurrer to complaint, see *post*, 680.

*Howe & Hummel,* for plaintiff.   *Foster & Stephens,* for defendant.

GIEGERICH, J.   The only substantial question to be determined upon this motion is whether the amended complaint, which was served after service of the notice of motion to vacate the order of arrest, should be resorted to to uphold the order of arrest herein.   On the 31st day of July, 1890, the defendant was arrested by virtue of an order of arrest granted herein on the 28th day of July, 1890, upon the affidavits of the plaintiffs, Caroline Roth Rowsky and John Grolmund, and upon the summons and complaint accompanying the same, and at the time of his arrest he was served with a copy of the order of arrest and of the papers above mentioned.   Thereafter, and on August 1, 1890, the defendant served a notice of motion, returnable on the 5th day of August, 1890, at 10 A. M., to vacate the order of arrest, on the ground that the complaint fails to state facts sufficient to constitute a cause of action.   On the 5th day of August, 1890, and before the hearing of the motion above referred to, an amended complaint was served upon the attorney for the defendant herein.   The original complaint failed to allege special damage by reason of the utterance of the words spoken by the defendant, which are not actionable of themselves; but the amended complaint alleges special damage, not specifically, yet sufficiently to sustain the complaint on demurrer, as will be seen on reference to the opinion filed this day, (*post*, 680,) respecting the demurrer to the amended complaint herein.   Section 558 of the Code of Civil Procedure, as amended, provides: "But at any time after the filing or service of the complaint the order of arrest must be vacated on motion, if the complaint fails to set forth a sufficient cause of action, as required by" section 549 of this act.   The original complaint served with the order of arrest, and the affidavits upon which the order of arrest was granted, fail to set forth any cause of action whatever in favor of the plaintiff against the defendant, and in my opinion the amended complaint should not be considered on this motion, and should not be resorted to to uphold the order of arrest.   In *Navigation, etc., Co.* v. *Sherwin*, 1 Civil Proc. R. 44, the complaint which accompanied the order of arrest failed to set forth a cause of action.   The defendant demurred to the complaint, and moved to vacate the order of arrest on the papers on which it was granted, on the ground that the complaint failed to set forth a

[1] See note at end of case.

sufficient cause of action. Thereafter, and within the proper time, the plaintiff served upon the attorneys for the defendant an amended complaint, supplying certain omissions, and for the purpose of sustaining the order of arrest obtained an order to show cause why the original complaint should not be declared amended *nunc pro tunc* as of the date of its service upon the defendant, and his arrest, and LAWRENCE, J., in denying the motion, and in vacating the order of arrest, among other things, well says: "The complaint, which was served upon the defendant with the summons and affidavits, fails to set forth any cause of action whatever in favor of the plaintiff against the defendant. It therefore follows that this motion must be granted, unless the amended complaint which has been served on the. part of the plaintiff can be resorted to to uphold the order of arrest by granting the plaintiff's motion that such complaint be declared amended *nunc pro tunc* as of the date of the service of the original complaint. See *Hecht* v. *Levy*, 20 Hun, 53; *Easton* v. *Cassidy*, 21 Hun, 460. I am of the opinion that the motion of the plaintiff should not be granted for the purpose of upholding the order of arrest. The issuing of an order of arrest is not a matter of course, and it is the duty of the plaintiff who invokes the aid of the court in obtaining such an order to see that he has complied with all the requirements of the law applicable thereto. * * * The liberty of the citizen is of quite as much importance as the preservation or security of his property. If the provisions of the Code are to be strictly construed in cases of attachment, the same rule of construction should be applied to the provisions which relate to the obtaining of orders of arrest. Again, this motion is made under section 568, on the plaintiff's own papers, and must be heard, as that section declares, upon these papers only. To allow the plaintiff to introduce an amended complaint on this motion would be allowing him to refer to other papers than those on which the order was granted, and in violation of that section."

I fully concur in the views of Mr. Justice LAWRENCE as above stated. Since the publication of the decision in the foregoing case a number of cases have been decided which seem to hold that an amendment of the complaint will be allowed after service thereof, in order to sustain the order of arrest. See *McBride* v. *Langan*, 10 N. Y. Supp. 552, 554; *Hanson* v. *Langan*, 9 N. Y. Supp. 625. Upon perusal of these cases it will be found that, while the cause of action was imperfectly set forth in the complaint and in the affidavits upon which the order of arrest was granted, they however contained sufficient averments to confer jurisdiction and to constitute a sufficient cause of action. In this case the affidavits upon which the order of·arrest was granted and the original complaint wholly fail to set forth any cause of action whatever in favor of the plaintiff against the defendant, and the court was without jurisdiction when the order of arrest was granted. While the courts have been liberal in permitting amendments in order to uphold mandates in cases where the objection thereto was one largely of form and technical in character, and not going to the jurisdiction of the court, the rule should not, however, be extended to cases where the liberty of the citizen is at stake, and especially where the court was without jurisdiction when the mandate was granted. It follows from these views that the order of arrest heretofore granted herein must be vacated, with $10 costs.

NOTE. .

ARREST IN CIVIL ACTIONS—COMPLAINT. The complaint, to support an order of arrest, must state the ground of arrest, though it is not identical with the cause of action.. Lennon v. Brandt, 4 N. Y. Supp. 2; Straus v. Kreis, 6 Civil Proc. R. 77, 67 How. ' Pr. 275; Humphrey v. Hayes, 94 N. Y. 594. In order to justify an arrest in an action for conversion, the complaint must show a cause of action, independently ' of the affidavit for the arrest. Gas, etc., Co. v. Hazard, 7 N. Y. Supp. 844. A complaint which alleges fraud as a ground of arrest need not demand damages on account of such fraud. Beef Co. v. Loeffel, 4 N. Y. Supp. 798. Order of arrest may be granted before complaint is filed. Hall v. Conger, 1 How. Pr. (N. S.) 88, 7 Civil Proc. R. 53.

Where an order of arrest is asked on the ground of fraud, the complaint or the affidavit filed with it must state the facts constituting the alleged fraud. Hanson v. Langan, 9 N. Y. Supp. 625, disapproving Valentine v. Richardt, 6 N. Y. Supp. 197. A complaint, in an action for the price of goods sold, which alleges that defendants were guilty of fraud in contracting the debt, and that they have disposed of their property with intent to defraud their creditors, is sufficient. McBride v. Langan, 10 N. Y. Supp. 552.

—— AMENDMENT. Where the complaint merely alleges that defendant was "guilty of fraud," etc., it may be amended so as to state the facts constituting the alleged fraud. McBride v. Langan, supra. Where the complaint is amended, after payment of the amount for which the order of arrest was granted, so as to increase the claim, defendant cannot be held under the order as to such increased claim. Lawrence v. Kohlman, 5 Month. Law Bul. 41.

AFFIDAVIT. The complaint and affidavit may be considered together where the affidavit alone is insufficient to warrant an order of arrest. Hatch v. Ransom, 4 Month. Law Bul. 5. The complaint may be verified as an affidavit, and so regarded for the purpose of procuring an order of arrest. Sanders v. Siebert, 49 N. Y. Super. Ct. 491.

—— VENUE. Omission of venue may be cured by amendment. Saril v. Payne, 1 N. Y. Supp. 15. See, also, 4 N. Y. Supp. 897.

—— INFORMATION AND BELIEF. An affidavit made on information and belief which states the conclusions which affiant has formed from reading certain documents, contents of which are not set out, is insufficient. Thompson v. Best, 4 N. Y. Supp. 229, reversing 2 N. Y. Supp. 220; Jordan v. Harrison, 13 Civil Proc. R. 445. An affidavit made on information and belief must show why affiant's informant did not make an affidavit. Martin v. Gross, 4 N. Y. Supp. 337; Richters v. Littell, 21 Wkly. Dig. 133. See, also, In re Vanamee, 8 N. Y. Supp. 219; People v. Snaith, 10 N. Y. Supp. 589; Whitney v. Hoffstadt, 21 Wkly. Dig. 197; Bassett v. Pitts, 15 Hun, 464; Brewster v. Salomon, 6 Wkly. Dig. 185; Knapp v. Browne, Id. 570; Rassber v. Ashly, 2 Month. Law Bul. 53.

—— AVERMENT OF FACTS. The affidavit must set out the facts on which the conclusions stated are founded. Grimes v. Davison, 2 Abb. N. C. 457; Dreyfus v. Otis, 54 How. Pr. 405; Iron Co. v. Baudman, 2 Wkly. Dig. 591; Hitchcock v. Peterson, 14 Hun, 389. As to when statement of evidentiary facts may be dispensed with, see Evans v. Holmes, 46 How. Pr. 515. Where the affidavit states the facts positively, it need not state the source of affiant's knowledge, or his means of information. Pierson v. Freeman, 77 N. Y. 589. Affidavits averring that defendant had admitted that he had obtained the delivery to him by plaintiff of a bill of lading by expressly promising to collect as the agent of plaintiff the money due for the goods represented by the bill, and pay it to plaintiff at once, and that he had collected the money, and personally appropriated it, are sufficient to justify an order of arrest. Hirsh v. Van der Perren, 10 N. Y. Supp. 449. Where the cause of action alleged is conspiracy, it is not sufficient to justify an arrest that it appears from affidavits that one or more of the defendants did defraud the state, when it is not shown to be provable that they did so in pursuance of a conspiracy. People v. Snaith, Id. 589. An allegation in the affidavit that defendants unlawfully, wrongfully, and with intent to defraud plaintiffs, converted the proceeds of goods sold by defendant for plaintiffs on commission, is not a statement of facts, but a conclusion of law. Rosenberg v. Block, 49 N. Y. Super. Ct. 488. Where an order of arrest is granted without a complaint on an affidavit, which shows that the action is on a contract which defendant contracted fraudulently, the affidavit must show that plaintiff has waived the contract and proceeds on the fraud alone, unless it contains an allegation that complaint avers that defendant was guilty of fraud in contracting the liability. Lawrence v. Foxwell, Id. 273. Where the affidavit fails to show that anything is due to plaintiff, the order of arrest will be vacated. Martin v. Gross, 4 N. Y. Supp. 337. Where fraud is alleged as a ground for an order of arrest, the affidavit must show that the injury was caused by defendant's fraud, and did not result from plaintiff's negligence. Young v. Weeks, 7 Daly, 115.

—— MONEY RECEIVED IN FIDUCIARY CAPACITY. An affidavit for an order of arrest in an action for money received in a fiduciary capacity must allege specifically that the money was received in a fiduciary capacity. Hillis v. Bleckert, 6 N. Y. Supp. 405; Bartlett v. Sutornis, Id. 406, 9 N. Y. Supp. 2; Wilbur v. Allen, 5 N. Y. Supp. 746; Moffat v. Fulton, 9 N. Y. Supp. 771; Harland v. Howard, 10 N. Y. Supp. 449. Where the complaint on which an order of arrest is granted alleges the delivery by plaintiff to defendant, a commission merchant, of goods to be sold for cash, and the proceeds to be remitted to plaintiff, and that defendant had sold the goods and received the price, but refused after demand to pay over the same, and converted it to his own use, the averment of conversion is surplusage, which may be omitted from plaintiff's affidavit; and a motion to vacate the arrest made on counter-affidavits denying the existence of the fiduciary relation should be heard on the merits, as the cause of action and the right to arrest are not the same. Donovan v. Cornell, 13 Daly, 339.

—— PARTICULAR ACTIONS. As to averment of affidavit in actions for malicious prosecution, see Grimes v. Davison, 2 Abb. N. C. 457. In replevin, see Muller v. Perrin, 14 Abb. Pr. (N. S.) 95. For false representations, see Phelps v. Maxwell, 2 Abb. N. C. 459;

Eypert v. Bolenius, Id. 193; Prichard v..Owen, 6 Wkly. Dig. 247; Knapp v. Browne, Id. 570.

**AFFIDAVIT TAKEN WITHOUT THE STATE—CERTIFICATE.** Where an affidavit taken without the state is not certified as required by Laws N. Y. 1848, c. 195, § 2, (amended by Laws 1867, c. 557,) the defect is jurisdictional, and cannot be cured by a new certificate. Harris v. Durkee, 50 N. Y. Super. Ct. 202.