RITZ CARLTON APARTMENTS, INC., Plaintiff, *v.* SIDONIA FRIED, Defendant.*

Municipal Court of New York, Borough of Manhattan, Sixth District, January 22, 1929.

608

*Freiman & Brecher*, for the plaintiff.

*Paul Orszag*, for the defendant.

SULZBERGER, J. This is a motion to amend the judgment, so as to provide for a body execution against the defendant. The motion is opposed on two grounds: (1) Because the defendant is a woman; and (2) because the summons did not bear the indorsement required by the Municipal Court Code (§ 25), and no verified complaint was served with the summons.

The defendant is a duly licensed and practicing attorney and counselor at law. The legal effect of the verdict, which is amply sustained by the evidence, is to find her guilty of actual, as opposed to constructive, fraud and deceit, to the plaintiff's damage. (Cf. 26 C. J. §§ 2–5, pp. 1060–1062.) While there are torts where the motive or state of mind of the wrongdoer is practically immaterial in determining the question of legal responsibility, however, in an action of actual deceit, fraudulent intent is the gist of the action. (Cf. *Koontz* v. *Kaufman*, 31 Mo. App. 397; *Brackett* v. *Griswold*, 112 N. Y. 454, 467.) Clearly, therefore, this is an action to recover damages for a willful injury to property, within the meaning of section 829 of the Civil Practice Act (cf. *Delbon* v. *Krautwald*, 165 N. Y. Supp. 534; *Eypert* v. *Bolenius*, 2 Abb. N. C. 193; Gen. Constr. Law, § 25-a; Justice Court Act, § 490), and defendant is subject to arrest and imprisonment on body execution after judgment, although she is a woman.

The second ground of opposition is also untenable. The summons in this case did not bear the indorsement required by the Municipal Court Code (§ 25) nor was a verified complaint served with the summons. However, the defendant moved, as was her right (Mun. Ct. Code, § 78, subd. 4), for a verified complaint, and by direction of the court such pleading was filed and served. It seems to me that the verified complaint took the place of the original statement of the nature and substance of the plaintiff's cause of action indorsed upon the summons. (Cf. *Millard* v. *Delaware, L. & W. R. R. Co.*, 204 App. Div. 80, 82; *Brooks Bros.* v. *Tiffany*, 117 id. 470; *Carrigan* v. *Washburn*, 7 N. Y. Supp. 262; Mun. Ct. Code, § 78, subd. 1.) No substantial right of the defendant was prejudiced or impaired. The

obvious purpose of the statute is to warn defendants more formally of the somewhat extraordinary consequence attendant upon a default judgment. (*Margolies* v. *Brettschneider*, 140 N. Y. Supp. 986.)

Sections 25 and 78 of the Municipal Court Code must be read together and harmonized, so as to avoid a construction which would result in the sacrifice of substance on the proverbial altar of form. (Cf. Statutes and Statutory Construction [1 McKinney's Consol. Laws of N. Y.], § 56 *et seq.*)

Motion granted.