### Donald Campbell vs. Lachlan McCormick.

In an affidavit for an order to hold to bail, plaintiff stated *he believed from conversation with defendant* he intended to leave the county, &c.; *Held*, that the affidavit was defective, in not stating *what the conversation was, or what the defendant said* as to his leaving the county &c.

*Motion by defendant to vacate an order of Supreme Court commissioner and to mitigate bail.*—This was an action of slander, commenced

by capias, on which was endorsed an order by a Supreme Court commissioner to hold defendant to bail. The order was granted on an affidavit made by plaintiff, which was alleged by defendant to be defective; that part of the affidavit objected to read as follows: "And this deponent further saith the said McCormick is worth little or no means or property, that he is engaged in no business, and is intending, *as this deponent believes from conversation with said McCormick* to leave the city of Rochester for the province of Canada, for the purpose of residing there."

F. M. HAIGHT, *Defts Counsel.*          E. B. WHEELER, *Defts Atty.*

A. TABER, *Plffs Counsel.*               G. F. DANFORTH, *Plffs Atty.*

BEARDSLEY, Justice.—Ordered that the original order to hold to bail be set aside, and the bail bond delivered up (without costs) on the ground that the plaintiff did not state in his affidavit *what the conversation was, or what defendant said,* that the officer granting the order might judge as to whether it afforded reason to believe defendant was about leaving the county.