Whitlock agt. Roth.

5 How. 143–Approved, 5 Abb. 162, 165; 15 How. 48, 51.

————◄•●•►————

## SUPREME COURT.

### Whitlock agt. Roth.

In an affidavit for the arrest of the defendant, for fraudulently obtaining goods, &c. the facts which may be within the knowledge of the plaintiff, such as the existence of the debt and the manner in which it was contracted, &c. must be stated *positively*. And where any of the facts necessarily rest upon information derived from others, such as the facts of the false representations and fraud on the part of the defendant, they may be so stated; but the sources and nature of the information should be particularly set out, and good reasons given why a positive statement can not be procured.

The allegation of "information and belief" merely, in reference to such facts, is not enough.

*New York General Term, October* 1850. Edmonds, *Pres. J.* Edwards and Mitchell, *Justices.* This was an appeal from an order made at special term discharging the defendant from arrest. The charge was that the defendant had fraudulently contracted the

debt in question in this, that he had falsely represented himself as a partner in the house of Churchill & Co. of Kalamazoo, Michigan. The allegations of indebtedness and of the representations were positively made in the affidavit on which the order for arrest was made, but there was no allegation of the falsity of the representations except in these words: "this deponent is informed and believes and expects to prove that said Roth was not at the time of contracting for such goods a member of any such firm as M. C. Churchill & Co., or authorized by them to purchase such goods."

The motion to discharge the order of arrest, was made on affidavits on the part of the defendant in which, among other things, he swore positively that he was a member of that firm, and it was opposed by affidavits on the part of the plaintiff, setting forth that he had sued Churchill & Co. in Michigan, in which suit Churchill put in a sworn plea, of which as plaintiff was " informed and believed" a copy was annexed, and in which Churchill makes oath that " he was never a partner with or of said Roth."

In the special term, the order of arrest was discharged on the ground that the falsity of the representations was stated on information and belief.

G. BOWMAN and C. O'CONOR, *for Plaintiff*.

———— TRACY, *for Defendant*.

By the Court, EDMONDS, *Pres. J.*—It would not do to lay it down as a general rule that an order of arrest could never be granted on information and belief, or without a positive averment of facts, by persons conversant of them. That would be to forbid an arrest in a large class of cases, where it would be manifestly proper; such, for instance, as those where a purchaser from the country makes representations in the city, the truth or falsity of which can be ascertained only in the country, in the vicinity of the purchaser's residence. Such a rule in that case, especially where this contract of sale is rescinded because of fraudulent representations, would require for a provisional remedy as much evidence as would be necessary for a final recovery.

Whitlock agt. Roth.

But, on the other hand, those considerations, would not justify the ordering an arrest upon the general allegation contained in this case that the plaintiff has been informed and believes that the representation was false.   The nature and quality, and perhaps the sources of the information obtained' must be set forth, so that the court may be able to ascertain whether the party is right in entertaining the belief to which he deposes.   By the Code, the officer applied to for the order to arrest must determine upon the propriety of granting it.   There must be something for his mind to act upon. He must entertain a belief that the charge made is true.   Such an affidavit as that used in this case would answer none of these requisites, but would substitute the belief of the party for that of the judge.

If in this case, the plaintiff had stated that he had made inquiries in Michigan and had there been informed by Churchill and others, who would be likely to know, that there was no such firm as Churchill & Co., or that defendant had never been a member of it; or if he had stated that he had ascertained, stating the source of his information, that Churchill had made oath in court there, that there was no such firm, there would have been something for the judge's mind to act upon; some means for that officer's determining whether the plaintiff was right in believing the representation false; there would have been some means afforded the defendant of testing the accuracy of the plaintiff's affidavit; some mode provided of ensuring accuracy by the fear of a conviction for perjury.   But upon this affidavit there is not only nothing for the judge's mind to act upon and ascertain whether the plaintiff's belief was well founded, but no means for the defendant's proving the incorrectness of the affidavit, however false it might be, and no mode of punishing such falsehood. To allow such a practice would be in fact, substituting the opinion of the party for that of the judge and removing all control and supervision by the judges, which the law has provided over the power of arresting defendants.

So far as the facts may be within the knowledge of the plaintiff, such as the existence of the debt and the manner in which it

19

was contracted, they must be stated positively; but so far as they necessarily rest on information derived from others, they may be so stated, when the sources and nature of the information are particularly set out and good reason is given, why a positive statement of them can not be procured.

The original affidavit therefore on which the order of arrest was obtained in this case, was defective and did not warrant the defendant's arrest. The other affidavits used on this motion do not supply the defect. The only material additional allegation contained in them is in reference to Churchill's affidavit in the courts of Michigan. That affidavit is not so verified that it can be referred to as such on this motion, and it is presented simply as a paper which the plaintiff is informed and believes is a copy of one filed in Michigan. There is no statement of the sources of that information, no means of the defendant's ascertaining whether such information had actually been received by the plaintiff nor for the court's determining whether he was right in believing it. It is, in fact, liable to the same objection that exists against the original affidavit, and both are defective inasmuch as they substitute the belief of the party for that of the judge.

The order of the special term must be affirmed with costs.