## GOULD *a.* SHERMAN.

*Supreme Court, First District; Special Term, April,* 1860.

### ARREST.—MOTION TO DISCHARGE.

On motion to discharge from arrest in an action for malicious prosecution, it is sufficient if the plaintiff shows *prima facie* a sufficient cause—*e. g.,* an immediate dismissal by the magistrate, of the prosecution.

Motion to discharge from arrest and for an *exoneretur*.

The action was for malicious prosecution. Defendant was arrested on an order granted October 27, 1859, by the Justice, Ingraham, and was held to bail in the sum of $5000. He now moved, on affidavits, to be discharged, and that his bail be exonerated. The leading facts in the case are stated in the opinion.

BONNEY, J.—On 25th October, 1859, the defendant in this action charged the plaintiff, before one of the police justices of this city, with the crime of perjury, alleged to have been committed in swearing to an answer put in by the Cumberland Coal and Iron Company, of which the plaintiff was then president, to a petition exhibited by the defendant and others, against said company and others, in the Circuit Court of Alleghany county, in Maryland. On that charge a warrant was issued, and the plaintiff was arrested and brought before the police justice, who on 27th October, dismissed the complaint, and discharged the plaintiff from arrest.

For this proceeding, the plaintiff, immediately after being so discharged, commenced this action for malicious prosecution, and procured the defendant to be arrested and held to bail in the sum of $5000.

The complaint in this action alleges that the charge before the police justice was made falsely, maliciously, and without any reasonable or probable cause, and with intent to harass, scan-

dalize, and injure the plaintiff, and claims damages to the amount of $25,300. The defendant has answered, and on pleadings and affidavits now moves to vacate the order of arrest, and that his bail be discharged.

The question to be decided is, whether the defendant has shown such probable cause for making the charge against the plaintiff as justified him in causing his arrest. The immediate dismissal of the complaint by the magistrate is *prima-facie* evidence that it was made without cause; but the defendant insists that it was so dismissed on technical objections, and that the plaintiff has never yet attempted to maintain that the statements in said answer, to which he made oath, were true. The plaintiff, on the other hand, shows, by affidavits, other facts tending to prove—as his counsel insists—that the whole proceeding on the part of the defendant was malicious, and its intent was to defame and injure the plaintiff; and that the principal statements in said answer, alleged by defendant to be untrue, were taken from the papers of the Coal and Iron Company, or from statements of persons connected with said company, which the plaintiff had reason to believe and did believe to be correct and true, and that this was well known to defendant, who was formerly connected with, and a chief manager of, that company. From the voluminous papers read or referred to on this motion, it is manifest that a bitter controversy exists between the parties to this action, and others, in relation to the affairs of the Cumberland Coal and Iron Company, and that the complaint before the police magistrate was probably induced quite as much by personal animosity as by any regard for public justice. The plaintiff showed *prima facie* sufficient cause for arresting the defendant, who has given bail, which certainly is not excessive if this action can be maintained. I cannot now try the case on affidavits, nor with propriety express an opinion on the merits. It is sufficient for the present purpose for me to say that these papers do not show such cause for the charge made by defendant as to require that his bail be discharged.

The motion is denied, with $10 costs.