## DRAPER *a.* BEERS.

*Supreme Court, First District; At Chambers, May,* 1863.

ORDER OF ARREST.—DEBT FRAUDULENTLY CONTRACTED.

To justify an order of arrest for fraud in obtaining credit, the affidavit must state the particular representations made, and in what respect they were false. A general allegation of falsity is not enough.

Motion to vacate an order of arrest.

This action was brought by Edward T. Draper and Elizabeth Clark, to recover $85.51, the price of certain merchandise. An order of arrest was issued on an affidavit as follows, omitting formal portions: "That on or about the 29th day of January, A. D., 1863, the above-named defendant applied to the plaintiffs

and requested them to sell and deliver to him goods, wares, and merchandise, for the business of defendant, carried on at 621 Eighth avenue, in said city of New York. Defendant stated to deponent that he would buy a bill of goods of him on thirty days.

"Deponent said he would as soon sell them to him as any one else, if he would pay him for them at that time. He then said that business was very good with him: that the week before was one of the largest weeks he had had since he had been there; and he said he was making more money as his goods were increasing in value, and he had bought some of them very low. He said also that he would like that store then occupied by plaintiffs, and wanted to know the rent of it. I told him the rent, and he said he thought he would do enough more business to make it pay. He said he had about four thousand dollars worth of goods in his store, and had no bad stock at all. He said he was doing a good business, and his expenses were very light.

"That deponent, relying on said representations, and believing the same to be true, sold and delivered to said defendant, on the said 29th day of January, 1863, goods, wares, and merchandise of the value, amount, and price of eighty-five dollars and fifty-one cents. That on or about the 21st day of February last, deponent told defendant that he had heard he was about to sell out to his brother-in-law; and he replied that it was not so, and that he had no such intentions. That defendant claims now that he has sold out to his brother-in-law, who lives in Connecticut, and yet he kept still in possession of said store, and sold goods as before, until Saturday last, when the store was closed in consequence of an attachment obtained against defendant by Messrs. Haviland, Lindsley & Co. of this city, and a deputy sheriff put in charge. Deponent further says, that the said representations so made as aforesaid were wholly false and untrue, and the said defendant well knew at the time he so made the same that they were wholly false and untrue; and that they were so made by said defendant with the false, fraudulent, and corrupt design and intent to cheat and defraud these plaintiffs out of their said property, and to obtain possession of said merchandise without paying any thing therefor. Deponent further says that the plaintiffs are about to commence an action in this

court against the defendant, for said sum of eighty-five dollars and fifty-one cents.

On an affidavit contradicting and explaining some of plaintiff's allegations, defendant moved to vacate the order.

*James D. Stevenson*, for the motion.

*Stitt & Ruston*, opposed.

LEONARD, J.—The affidavits to authorize an order of arrest for fraudulent representations, whereby the defendant procured the sale and delivery of personal property, must not only set forth the particular statements or representations made in order to obtain the property, but must also set forth in what respects they are false. A general allegation that the representations made are false and fraudulent, is not sufficient.

The affidavit here is defective in this respect.

The order of arrest is vacated, with $10 costs of motion.