De Nierth agt. Sidner.

---

## NEW YORK COMMON PLEAS.

AUGUST DE NIERTH, Jr. agt. ALBERT SIDNER.

In granting orders of *arrest* upon *information and belief,* this court has acted upon the rule that the sources of the information *must be set out* in the affidavit. If the information is derived from *letters or official documents* in the possession of the person who makes the affidavit, or which it is in *his power to procure,* they should be presented with the application, or *copies* of them should be furnished.

There is a distinction between stating the *sources* of information, and *setting them forth;* and just this distinction was fatal to the affidavit made for the arrest in this case.

*New York General Term, August,* 1863.

DALY, BRADY and HILTON, *Judges.*

APPEAL from an order of special term denying an application for an order of arrest. The facts are stated in the opinion of the court.

By the court, DALY, F. J. The rule upon which this court has uniformly acted in granting arrests upon information and belief is, that the sources of the information must be set out, that the judge may see whether the conclusions drawn are warranted by it or not. If the information is derived from letters or official documents in the possession of the person who makes the affidavit, or which it is in his power to procure, they should be presented with the application, or copies of them should be furnished. To adopt any other rule would be to substitute the conclusion of the person who makes the affidavit for

that of the judge. The person who makes the deposi-tion, as in this case, may infer from the information upon which he relies, that the debt was fraudulently con-tracted, and that a cause for arrest exists, but the judge, upon perusing the papers or documents furnishing the in-formation, may think otherwise. Where, therefore, it is in the power of the person asking for the arrest, to lay be-fore the court the sources upon which he has relied for the conclusion he has come to, he must do so, as it is the judge, and not he, who is to decide whether a cause for arrest exists or not. The general rule is succinctly laid down by Judge EDMONDS, in *Whitlock* agt. *Roth*, (5 *How.*, 143,) in these words : " So far as the facts may be within the knowledge of the plaintiff they must be stated posi-tively, but so far as they necessarily rest on information derived from others, they may be so stated, when the sources and nature of the information are particularly set out, and a good reason is given why a positive state-ment of them cannot be procured." And again : " The sources of the information obtained must be set forth, so that the court may be able to ascertain whether the party is right in entertaining the belief to which he deposes." And to the same effect, substantially, are the cases of *Vanderpool* agt. *Kissam*, (4 *Sand. S. C.*, 715 ;) *Crandall* agt. *Bryan*, (15 *How.*, 48 ;) *Blason* agt. *Bruno*, (21 *How.*, 112 ;) *Campbell* agt. *McCormick*, (1 *How.*, 251 ;) *Matter of Faulk-ner*, (4 *Hill*, 601.) There is a distinction between stating the sources of information and, as Judge EDMONDS says, " setting them forth," and it is exactly the distinction which exists in this case. The person who makes the affidavit states as the sources of his information a letter written by the plaintiff, another written by the defend-ant, and an official notarial act drawn up at Elberfield, in Prussia, according to law, and certified by the consular agent of the United States at Bremen ; and from these documents, inspected only by himself, he draws the con-

clusion and swears to his belief that the defendant borrowed a certain sum of money from the plaintiff, at Elberfeld, in Prussia, with an intent not to pay it back again, but to defraud the plaintiff of it, and shortly thereafter secretly and stealthily left his place of residence and business at Rotingen, in Germany, without disclosing to any one whether he intended to go or had gone. It was impossible for the judge to determine whether these documents warranted such a conclusion or not, unless he knew what they contained. The contents of some of them are stated, or rather the deponent's conclusion as to their contents, and they are limited to two facts : that the notarial act referred to duly established the defendant's indebtedness to the plaintiff, and that, in the letter written by the defendant to a friend, he wrote that when the letter would be received he would be floating upon the ocean, bound to Australia, whither he intended to migrate ; which two facts are not of themselves sufficient to warrant the conclusion that the debt was fraudulently contracted ; and yet beyond this nothing is stated as to the contents of the papers which constitute the sole source of the deponent's information. It is presumable, from the affidavit, that the person who made it has perused the documents upon which his affidavit is based. If they are not in his possession, or if it was out of his power to produce them, or furnish copies of them to the judge when the application was made for the arrest, he should have so stated. Unless some such excuse is given, the familiar rule of evidence is applicable, that a person shall not be allowed to resort to inferior evidence when he has it in his power to produce evidence affording greater certainty as to the fact in question. As the affidavit was defective upon this ground, it will not be necessary to examine the additional ground upon which the judge below regarded it as insufficient.

The order made at the special term should be affirmed.