## GRIMES v. DAVISON.

*N. Y. Supreme Court, First Department; Chambers, October,* 1877.

ARREST.—EVIDENCE.—MALICIOUS PROSECUTION.

An arrest will not lie upon mere averment, but the plaintiff must make out a *prima facie* case sufficient to enable him to rest upon the trial.

In an action for malicious prosecution, an affidavit to obtain an order of arrest, must set forth evidence of malice and want of probable cause. A verified complaint or affidavit containing general allegations, is not enough.*

Motion by defendant to vacate an order of arrest.

Marion Grimes sued Erastus Davison to recover $10,000 damages for malicious prosecution.

The complaint alleged that defendant, with intent to injure the good name and credit of the plaintiff, falsely and maliciously made complaint against him of forgery, before a justice of the peace in Brooklyn, upon which he was arrested and held under examination for three or four months; that upon examination being had, the genuineness of the note was fully investigated and he was fully discharged from such arrest and im-

* Compare Vanderpool *v.* Kissam, 4 *Sandf.* 715; Gould *v.* Sherman, 10 *Abb. Pr.* 411; *Code of Civ. Pro.* § 557.

prisonment.  That subsequently, on a day named, defendant maliciously and without probable cause, and with intent to injure, &c., presented substantially the same charge to the grand jury, who, plaintiff believed, dismissed the charge.  That on a date soon after the latter complaint, the defendant maliciously and without probable cause, made the same charge before a police justice in Brooklyn, upon which plaintiff was arrested, and upon an investigation before said justice, the complaint was dismissed, and he was discharged from arrest.  The complaint was verified.

Upon the summons and this complaint, and an affidavit stating the same facts in almost identical language, an order of arrest was obtained against the defendant, in June, 1877, when the Code of Procedure was still in force.

The defendant then moved on these papers, that the order of arrest be vacated, on the ground that they were not sufficient to sustain the order.

*Henry C. Denison*, for the motion.

*H. D. Betts*, opposed.

BARRETT, J.—No proof is furnished in support of the allegations of facts.  Malice is alleged, but no evidence of it is given.  Want of probable cause is, at one time alleged, again omitted.  Where alleged, it is unsupported by evidence.  An arrest will not lie upon mere averment, whether in the form of an affidavit or a complaint.  The plaintiff should make out a *prima facie* case, sufficient to enable him to rest upon the trial.  The papers are otherwise very defective, and the order cannot be upheld.

Motion granted, with $10 costs.