90h 566,
62ad572

LEWIS ABRAMS, Respondent, *v.* CHARLES LAVINE, Appellant.

*Attachment — insufficiency of an affidavit stating what a third party has said.*

An affidavit upon which an attachment is sought is insufficient, where the deponent states what a third person had told him, the statements of such third person made in this form being merely hearsay.

A statement contained in such an affidavit that the third person would not voluntarily make an affidavit is a mere conclusion. The plaintiff should allege an attempt to procure the deposition of such person and his refusal to make an affidavit in the premises.

APPEAL by the defendant, Charles Lavine, from an order of the Supreme Court, made at the Washington Special Term and entered in the office of the clerk of the county of Warren on the 23d day of May, 1895, denying the defendant's motion to vacate a warrant of attachment.

*Charles R. Patterson,* for the appellant.

*Lyman Jenkins,* for the respondent.

PER CURIAM:

The grounds upon which plaintiff applied for an attachment were that defendant had failed to meet him at Glens Falls as he had promised to, and that plaintiff had seen and had a conversation with one Aronsen, in which the latter said " that something about six months ago one Link failed at North Creek, N. Y., at the place where said Lavine is now, and was at that time, doing business ; that said Link was assisted during said failure by said Lavine, and that he was now about to assist said Lavine to sell, assign, dispose of and secrete his property with intent to defraud his creditors, and that said Lavine said that he should make an assignment of all his property within about thirty days."

The statements of Aronsen, on which plaintiff applied for an attachment, were mere hearsay. The plaintiff failed to give any sufficient reason why the affidavit of Aronsen was not produced. The fact that the latter is a friend of defendant and has done business in the town where defendant resides was no sufficient reason. The statement that Aronsen will not voluntarily make an affidavit is evidently a mere conclusion of the plaintiff. He should have alleged an attempt to procure the deposition of Aronsen and the refusal of the latter to make an affidavit. (*Farley* v. *Shoemaker*, 17 N. Y. St. Repr. 205 ; *Steuben County Bank* v. *Alberger et al.*, 78 N. Y. 252.)

As said by DANFORTH, J., in the case last cited (p. 258) : " It would be intolerable if the property of a citizen was liable to seizure upon such vague and inconclusive averments as are contained in the affidavits before us."

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Order reversed, with costs and disbursements.