## ROLKER v. GONZALEZ.

(Supreme Court, Appellate Division, Second Department. January 11, 1898.)

ORDER OF ARREST—ACTION FOR LIBEL.

In an action for libel the plaintiff is not entitled to an order of arrest where the allegation in the motion papers of the uttering of the libel is on information and belief, and no affidavit of the person to whom it was uttered is presented, and no reason assigned for not presenting it.

Appeal from special term.

Action by John Henry Rolker against Jose Quintana Gonzalez. From an order vacating an order of arrest in an action of libel, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Cephas Brainerd, Jr., for appellant.
Willis B. Dowd, for respondent.

GOODRICH, P. J. The plaintiff sues to recover damages for a libelous communication alleged to have been composed and signed by the defendant at New York, and sent to a newspaper at Caracas, Venezuela. An order was made to arrest the defendant, and hold him to bail in the sum of $1,000. He was arrested while temporarily in this state, gave the requisite undertaking, was discharged, and then moved to vacate the order of arrest on the ground that the plaintiff's affidavit, upon which the order of arrest was granted, was wholly on information and belief. The order of arrest was vacated, and the plaintiff appeals.

The affidavit of the plaintiff states "that plaintiff is informed and verily believes that on or about the 23d day of August, 1897, the defendant herein maliciously composed and wrote from the city of New York, and maliciously published at the city of Caracas, Venezuela," the article in question, a copy of which in Spanish, and a translation thereof, is annexed to the affidavit, and affixed thereto is the name of the defendant; and that, before forwarding the article, the defendant read it over to one Guerra, of 15 Whitehall street, New York City, as deponent was informed by said Guerra, and verily believes. There is no affidavit of Guerra, nor is any reason stated for the plaintiff's failure to produce it. Two decisions of the special term are cited on the proposition that no man ought to be arrested on allegations stated merely on information and belief. Martin v. Gross (Super. N. Y.) 4 N. Y. Supp. 337; De Weerth v. Feldner, 16 Abb. Prac. 295. The reasoning of these cases is clear and conclusive, and gives them authority with this court. It has also been held at general term, in a number of cases, that in actions for obtaining goods under fraudulent representations the facts which may be within the knowledge of the plaintiff must be stated positively; and, where any facts necessarily rest upon information derived from others, such as the false representations and fraud on the part of the defendant, they may be so stated, but the sources of the information should be particularly set out, and good reasons given why a positive statement cannot be procured. Whitlock v. Roth, 5 How. Prac. 143; Frank v. Sprinze, 19 Wkly. Dig. 452; Richters v. Littell, 21 Wkly. Dig. 133. The affidavit is equally defective for assigning no reason why the affidavit of Guerra was not presented to the court. Bell v. Mali, 11 How. Prac. 254. On either ground, we are of opinion that the order of arrest was improperly granted, and such was the opinion of the learned justice who granted, and afterwards vacated, the order.

The order is affirmed, with costs. All concur.