Roswell W. Keene, for appellant.

Stern & Singer, for respondents.

OLCOTT, J. This is an appeal from an order of Mr. Justice McCarthy directing that one Jacob Brown, upon his own application, be made a party defendant to the action, which action was brought by the plaintiff against the defendant Heyman, to recover 20 sewing machines which plaintiff alleged that Heyman procured from it by fraud. Brown's allegation was that he was the owner of the property; and, upon that allegation, he moved, under the provision of the latter portion of section 452 of the Code, to be made a party defendant. The contention of the appellant is that this relief was improperly granted to Brown, because he might have protected his interests in the manner provided by section 1709 et seq. of the Code. We do not find this contention to be supported by the decisions. A person claiming title to property which is sought to be replevied from the possession of another may either make his third-party claim thereto, under the provisions of section 1709 of the Code, or move to be made a party defendant, under section 452, at his option. Uhlfelder v. Tamsen, 15 App. Div. 436, 44 N. Y. Supp. 484; Rosenberg v. Salomon, 144 N. Y. 92, 38 N. E. 982, distinguishing Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3.

The order appealed from must be affirmed, with $10 costs and disbursements to the defendant Brown, against the plaintiff.

SCHUCHMAN, J., concurs.

---

ACKER et al. v. SAYNISCH.

(City Court of New York, General Term. December 7, 1898.)

1. ATTACHMENT—SUFFICIENCY OF AFFIDAVITS.

Affidavits for an attachment were insufficient, where the alleged grounds were stated on information and belief, without giving the names of the persons from whom such information was derived, or showing why their affidavits were not submitted.

2. SAME—MOTION TO VACATE—SUFFICIENCY OF OPPOSING AFFIDAVITS.

Under Code Civ. Proc. § 683, providing that a motion to vacate an attachment may be opposed by affidavits to sustain any ground recited in the warrant, such attachment could not be supported by affidavits alleging other grounds therefor.

3. SAME—MOTION TO VACATE—DIRECT ATTACK.

A motion to vacate an attachment, under Code Civ. Proc. § 682, authorizing a person who has acquired a lien on the property, after it was attached, to apply to vacate the warrant, is a direct, and not a collateral, attack on such attachment.

Appeal from special term.

Action by Acker, Merrall & Condit against Edmund Saynisch, in which defendant's property was attached, and, pending which Beinecke & Co., who had entered judgment against defendant, moved to vacate plaintiffs' attachment. From an order denying their motion, Beinecke & Co. appeal. Reversed.

Argued before SCHUCHMAN and OLCOTT, JJ.

M. A. Kurscheedt and Joseph Fettretch, for appellants Beinecke & Co.

James Forrest and E. T. Taliaferro, for respondents.

OLCOTT, J. On August 29, 1898, plaintiffs, on the affidavits of Oliver S. Dodd and Frank A. Merrall, obtained a warrant of attachment in this action against the property of the defendant, directed to the sheriff of the county of New York, and issued to him, whereunder the said sheriff levied on certain personal property of the defendant. Beinecke & Co., creditors of the defendant, on the 9th day of September, 1898, entered a judgment in this court against the defendant in this action for the sum of $471.08, and filed a transcript of the same in the office of the clerk of the county of New York, and issued execution thereon to the sheriff of the county of New York, and no part of said judgment is paid. On the 15th day of September, 1898, upon affidavits of the defendant in this action and M. A. Kursheedt, and upon the affidavits upon which the warrant was issued, and all the other papers in the action, said Beinecke & Co., judgment creditors of the defendant, gave notice that on the 20th of September then following they would move for an order vacating the warrant of attachment. On the 20th day of September, 1898, on the hearing of the motion of Beinecke & Co. to vacate the attachment, the plaintiffs produced and read affidavits of James Forrest, verified, respectively, September 19 and 20, 1898; affidavit of William H. Dodd, verified September 19, 1898; affidavits of Robert Martin, verified September 8, 1898; and deposition of W. D. McGregor, verified September 8, 1898. Beinecke & Co., the attacking judgment creditors, objected to the reading of any affidavits in opposition to the motion to vacate which did not tend to support the ground upon which the attachment was originally issued. In reply to the affidavits of the plaintiffs in opposition to the motion to vacate the attachment, Beinecke & Co. read the affidavits of M. A. Kursheedt and Charles T. Chambers, verified September 20, 1898. The special term denied the motion to vacate the attachment, but without costs, and its order was entered on the 23d day of September, 1898. From this order, Beinecke & Co. take this appeal.

The sole ground upon which the warrant of attachment was issued was that the defendant had departed from the city of New York for the purpose of cheating and defrauding his creditors. The two affidavits purporting to support the attachment upon this ground did not contain the necessary allegations upon the knowledge of the affiants, but stated them upon information and belief, without giving the names of the persons from whom such information was derived, or stating the reason why such persons' affidavits were not submitted. This omission is fatal to the attachment, and called for its vacation. Bank v. Wallace, 4 App. Div. 382, 38 N. Y. Supp. 851; Haskell v. Osborn, 33 App. Div. 127, 53 N. Y. Supp. 361; Abrams v. Lavine, 90 Hun, 566, 35 N. Y. Supp. 881.

Beinecke & Co. having moved to vacate the attachment, not only upon the papers upon which it was issued, as they might have done, but upon the affidavits served by Beinecke & Co., the plaintiffs intro-

duced further affidavits in support of the attachment. But these affidavits give no support to the ground upon which the attachment was granted; and, so far as they tend to show that defendant may have done something else which might have supported an attachment upon some other grounds, they are wholly immaterial and incompetent. Section 683, Code. That the attacking creditor did not waive his rights in this regard is evidenced by the recital contained in the order now under review.

The motion which resulted in this order is not, as the respondents' brief suggests, a "collateral attack," similar to that discussed in Brown v. Guthrie, 39 Hun, 29. There the attack was against an attachment issued in another action, and the decision had no applicability to the situation in the case at bar. Here the attack is the direct one authorized by section 682 of the Code.

The attachment is attacked before the actual application of the property, by a subsequent lienor, and the sole question presented is whether the affidavits before us are sufficient to sustain the attachment upon the ground upon which, at plaintiffs' election, it was issued; our conclusion being that they are not.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate the attachment must be granted, with $10 costs.

SCHUCHMAN, J., concurs.