(110 App. Div. 907)

### In re HOPKINS' WILL.

(Supreme Court, Appellate Division, Second Department.　December 29, 1905.)

APPEAL—DECISIONS REVIEWABLE—ORDER TO SHOW CAUSE.

> Code Civ. Proc. § 2679, provides that, if a temporary administrator neglects to make a deposit of funds as prescribed in the last section, the surrogate must, on the application of a person interested, make an order directing him to do so forthwith, or to show cause why a warrant should not issue against him. *Held*, that an order under such section is not appealable.
>
> Hooker, J., dissenting.

Appeal from Surrogate's Court, Westchester County.

Motion by Joseph W. Middlebrook, special guardian of Robert E. Hopkins, Jr., to punish Fanny W. Hopkins for contempt for failing to comply with the provisions of an order appointing her temporary administratrix of the estate of Robert E. Hopkins, deceased. From an order to show cause, said Fanny W. Hopkins appeals. Dismissed.

See 87 N. Y. Supp. 793.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Andrew J. Shipman and Clarence S. Davison, for appellant Fanny W. Hopkins.

Frank V. Millard, for appellant general guardian.

Joseph W. Middlebrook, for respondent special guardian.

PER CURIAM. We regard the order appealed from in this case as an order to show cause, and therefore not appealable. See section 2679 of the Code of Civil Procedure. The appeals are dismissed, without costs, and the proceedings remitted to the Surrogate's Court of Westchester county for final disposition.

HIRSCHBERG, P. J., and BARTLETT, WOODWARD, and JENKS, JJ., concur.

HOOKER, J. (dissenting). On the 9th day of May, 1901, Robert
E. Hopkins died, leaving a last will and testament in which Fanny W.
Hopkins and another were nominated executors. The will was later
admitted to probate, but the decree was thereafter reversed by the Court
of Appeals (Matter of Hopkins' Will, 172 N. Y. 360, 65 N. E. 173, 65
L. R. A. 95, 92 Am. St. Rep. 746), and a few days after the reversal
Fanny W. Hopkins made application to the Surrogate's Court for
letters of temporary administration. On or about the 19th of Jan-
uary, 1903, an order was made by that court appointing her tem-
porary administratrix. She filed the oath and bond required in the
order. It was also there provided that she deposit with the Far-
mers' Loan & Trust Company any moneys belonging to the estate of
the decedent that might come into her hands. Robert E. Hopkins, Jr.,
is the infant son of the deceased and the son of Fanny W. Hopkins,
the latter's widow. He was at the time of his father's death, and still
is, an infant. Joseph W. Middlebrook was on the 25th day of May,
1901, duly appointed special guardian of the infant in the proceedings
for the probate of the will. These are still pending, and he has con-
tinued to and still is acting in the capacity of such special guardian.

Believing that the temporary administratrix since the 23d day of March,
1903, had not complied with the terms of the decree touching the de-
posit of moneys in the Farmers' Loan & Trust Company, Joseph W.
Middlebrook, as special guardian of the infant, made a motion on the
28th day of October, 1904, before the surrogate of Westchester county
to punish her as for contempt of court for her failure to comply with
those provisions of the order appointing her. On the hearing of the
motion her attorney objected to the proceedings on the ground that the
papers on which the order was sought to be based were defective and
insufficient, and on the further ground that the special guardian was not
an interested party, or creditor of the estate of the decedent, and hence
unauthorized to seek to compel a compliance with the order in question.
Section 2678 of the Code of Civil Procedure provides:

"A temporary administrator, appointed as prescribed in this article, must,
within ten days after any money belonging to the estate comes into his
hands, deposit it as prescribed in this section."

And section 2679 of the Code of Civil Procedure provides:

"If a temporary administrator neglects to make a deposit, as prescribed in
the last section, within the time limited, the surrogate must, upon the applica-
tion of a creditor or person interested in the estate, accompanied with satis-
factory proof of the neglect, make an order, directing him to do so forthwith,
or to show cause," etc.

The contention of Mrs. Hopkins, the temporary administratrix, that
the special guardian might not move against her in the premises be-
cause the application may be made only by a creditor or person in-
terested in the estate and that he is neither of these, seems to be well
founded. The special guardian, of course, does not claim to be a
creditor of the estate; and that he is not a person interested therein is
the result of logical reasoning. The Code of Civil Procedure has de-
fined the meaning of the words "persons interested in the estate." Sec-
tion 2514, subd. 11, says:

"The expression, 'person interested,' where it is used in connection with an estate or a fund, includes every person entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee, or otherwise, except as a creditor."

The obligation of the special guardian extends to the care and protection of the interests of the infant that arise touching his legal status, rights, and privileges in the proceedings in which the special guardian may be nominated. Generally he has no duty whatever to discharge in reference to the estate of the testator. Matter of Will of Budlong, 100 N. Y. 203, 3 N. E. 334; Matter of Ruppaner's Will, 7 App. Div. 11; 39 N. Y. Supp. 763. And yet the provisions of section 2679 are evidently not meant to limit the power of the surrogate to control the conduct of persons acting under decrees made by him. Before the enactment of that section there was, and it must be held there still resides, in the Surrogate's Court inherent power to compel obedience to the terms of such decrees, and he may of his own motion, if the fact is properly established, make an order such as the one appealed from, that the temporary guardian forthwith deposit with the trust company all moneys belonging to the estate or show cause why a warrant of attachment should not issue against her.

The contention of the appellant, however, that the papers on which the motion was made were insufficient, is entitled to controlling weight. The order appealed from appears to have been made upon facts claimed to be established by the affidavit of Joseph W. Middlebrook, and his affidavit is insufficient, in such a proceeding as this, to establish the fact that since the 23d day of March, 1903, Fanny W. Hopkins has failed, neglected, and refused to comply with the direction of the surrogate in reference to the deposit of moneys belonging to the estate with the Farmers' Loan & Trust Company. This fact he alleges upon information and belief in his affidavit. He next makes the positive averment upon his own knowledge that she has received as such temporary administratrix the amount of about $25,000 per annum, and then avers that his information in regard to the deposits with the trust company "was obtained from a conversation had this day with Samuel Sloan, Jr., the secretary of said Farmers' Loan & Trust Company, at the office of the said company No. 22 William street, New York City." The conversation itself is not related, and there is a total absence of any reason why the affidavit of Sloan himself was not procured for the purpose of establishing the fact that is sought to be shown in this hearsay manner.

Especially because of the failure to state the reason why Sloan's deposition does not appear, the affidavit is insufficient and the record does not contain legal proof that Mrs. Hopkins has not complied with the direction of the surrogate in relation to the deposit of moneys. It has long been the practice in this state, where statements in affidavits are made upon information and belief, to require good reasons to be given why the deposition of the party who is able to speak from positive knowledge is not supplied. It was said, in Whitlock v. Roth, 5 How. Prac. 143, by the New York General Term, that:

"So far as the facts may be within the knowledge of the plaintiff, such as the existence of the debt and the manner in which it was contracted, they must be stated positively; but, so far as they necessarily rest on information

derived from others, they may be so stated, when the sources and nature of the information are particularly set out, and good reason is given why a positive statement of them cannot be procured."

In Acker, Merrall & Condit v. Saynisch, 25 Misc. Rep. 415, 54 N. Y. Supp. 937, it is said:

"The two affidavits purporting to support the attachment upon this ground did not contain the necessary allegations upon the knowledge of the affiants, but stated them upon information and belief without giving the names of the persons from whom such information was derived or stating the reason why such persons' affidavits were not submitted. This omission is fatal to the attachment and called for its vacation."

In People v. Snaith, 57 Hun, 332, 10 N. Y. Supp. 589, it was held that, where positive affidavits of parties having knowledge of the facts are not produced, the failure to do so must be satisfactorily explained; and the court said:

"The nonproduction of the affidavits of persons whose knowledge of the facts is relied upon should be satisfactorily excused. When the plaintiff resorts to methods most liable to mistakes, he should take the more care to guard against them. It is believed that these views are supported by a great weight of authority, and are as liberal to the plaintiff as can well consist with a proper regard for the right of personal liberty. Martin v. Gross (Super. Ct. N. Y.) 4 N. Y. Supp. 337; Thompson v. Best (Sup.) 4 N. Y. Supp. 229; Crandall v. Bryan, 15 How. Prac. 48; Whitlock v. Roth, 5 How. Prac. 143; De Nierth v. Sidner, 25 How. Prac. 419; Roderigas v. East River Savings Inst., 76 N. Y. 316, 323, 32 Am. Rep. 309; Bennett v. Edwards, 27 Hun, 352; Hallock v. Van Camp, 55 Hun, 1, 8 N. Y. Supp. 588."

It was held in Yates v. North, 44 N. Y. 271, that, where the affidavits are made on information only, they are unavailing unless it be shown that the persons from whom the affiants profess to have obtained the information be absent, and their affidavits cannot be obtained, and this case is cited as an authority upon a similar question in Steuben County Bank v. Alberger, 78 N. Y. 252. In Abrams v. Lavine, 90 Hun, 566, 35 N. Y. Supp. 881, the plaintiff, to support an attachment, relied upon his affidavit of the statement of one Aronsen, but it was held that the affidavit was insufficient because the plaintiff failed to give any sufficient reason why Aronsen's affidavit was not produced. In the more recent case of Rolker v. Gonzalez, 25 App. Div. 96, 48 N. Y. Supp. 1015, decided in this department, the plaintiff appealed from an order vacating his order of arrest in an action for libel. The order was affirmed; this court holding the affidavit to be defective for assigning no reason why the affidavit of Guerra, whose statement plaintiff had incorporated in his own affidavit, was not presented to the court. See, also, Bennett v. Edwards, 27 Hun, 352, and De Nierth v. Sidner, 25 How. Prac. 419. Buell v. Van Camp, 119 N. Y. 160, 23 N. E. 538, is not authority to the contrary; for in that case the plaintiff's affidavit referred to and made a part thereof affidavits of others, and assigned them as the sources of his knowledge and the grounds of his belief, and, even in one of those affidavits, it was stated that the affidavit of a third person, from whom the affiant received some information, was not obtainable for reasons there given.

Because, therefore, the surrogate has made an order directing the temporary administratrix to deposit moneys, or show cause why a warrant of attachment should not issue against her, without any legal evi-

dence before him that she has failed to do so, his action, though taken upon his own initiative, was unwarranted, and the order must be reversed. Because the special guardian was without authority to interfere in this branch of the administration of the estate of the decedent, and has attempted to usurp the functions of other officers of the court whose duty it is to protect the infant's share of the decedent's estate, the costs of this successful appeal by the administratrix from the order made in the proceedings instituted by him should be paid by him personally.