---

(49 Misc. Rep. 315.)

DIAB v. SHIBLEY et al.*

(Supreme Court, Special Term, New York County. February, 1906.)

Arrest—Civil Action—Affidavit—Sufficiency.

    In an action for malicious prosecution, the facts stated in the affidavit for an order of arrest must show malice and absence of probable cause, and the statement that the magistrate dismissed the proceeding against plaintiff is not prima facie evidence of want of probable cause, and, where no other facts to establish malice and absence of probable cause are stated, the order will be vacated.

*Affirmed in 98 N. Y. Supp. 11

Action by one Diab against one Shibley and others. Motion by defendants to set aside order for arrest. Motion granted.

Osborne, Hess & Churchill, for plaintiff.
Sulzberger & Kringle, for defendants.

BLANCHARD, J. This is a motion made on behalf of certain of the defendants to set aside the order obtained by the plaintiff for their arrest in the present action, which the plaintiff has brought against them and other defendants for malicious prosecution. The order of arrest was issued upon the summons and complaint and upon an affidavit of the plaintiff, and the present motion raises the question of the sufficiency of these papers. The affidavit and complaint alleged that the defendants maliciously and without reasonable or probable cause charged the plaintiff, before a city magistrate, with the crime of conspiracy to commit a crime, and procured a warrant on which the plaintiff was arrested and confined and subsequently tried; that the plaintiff was acquitted by the magistrate and the proceeding was dismissed; that said proceeding resulted in injury to the plaintiff. These allegations constitute a general averment of a cause of action for malicious prosecution. According to section 557 of the Code of Civil Procedure, an order of arrest may be granted in certain specified actions, including malicious prosecution, "where it appears by the affidavit of the plaintiff or any other person, that a sufficient cause of action exists against the defendant." Before granting provisional relief of such drastic character, however, the court must be judicially satisfied that a sufficient cause of action prima facie exists. Thus, the grounds of the affiant's belief in the facts alleged upon information and belief are commonly required to be stated in the moving affidavits. Whitlock v. Roth, 5 How. Prac. 143; Crandall v. Bryan, 15 How. Prac. 48; Jordan v. Harrison, 13 Civ. Proc. R. 445. Upon the same principle, a statement of the facts is required from which the essential allegation of fraud may be deduced as ground for attachment or arrest. A statement of a mere conclusion of fraud is insufficient. Courter v. McNamara, 9 How. Prac. 255; Frost v. Willard, 9 Barb. 440; Muller v. Perrin, 14 Abb. Prac. (N. S.) 95; Moller v. Aznar, 11 Abb. Prac. (N. S.) 233; Draper v. Beers, 17 Abb. Prac. 163; Phelps v. Maxwell, 2 Abb. N. C. 459; Meriden Malleable Iron Co. v. Baudman, 2 Wkly. Dig. 591.

In Moore v. Becker, 13 N. Y. St. Rep. 567, the General Term of the Supreme Court in the First Department stated:

"It has been repeatedly held by this court that in affidavits upon which are founded provisional remedies the evidence of the facts necessary to be established must be set out, and not mere conclusions from such evidence drawn by the affiant, and which evidence is nowhere set forth. * * * Such allegations may be put in a complaint, but are entirely useless in an affidavit, whose office it is to place before the court the evidence from which it may draw its conclusions."

See, also, Perry v. Smith, 9 N. Y. St. Rep. 728.

The moving papers, upon which an order of arrest is made in an action for malicious prosecution, where the proceeding complained of was a criminal prosecution, must state evidentiary facts from

which the court may judicially draw the conclusion that the defendant maliciously and without probable cause prosecuted or instigated a criminal proceeding against the plaintiff, to his injury, which proceeding terminated in his favor. McMorris v. Howell, 89 App. Div. 272, 274, 85 N. Y. Supp. 1018; Bankell v. Weinacht, 99 App. Div. 316, 91 N. Y. Supp. 107.

In Gould v. Sherman, 10 Abb. Prac. 411, the defendant charged the plaintiff before a police magistrate with perjury in swearing to an answer. Upon the discharge of the plaintiff he brought action for malicious prosecution and procured an order of arrest. The plaintiff presented affidavits tending to prove that the whole proceeding on the part of the defendant was malicious, and that its intent was to defame the defendant, and that the principal statements in the answer, alleged by the defendant to be untrue, were taken from the papers of the Cumberland Coal & Iron Company or from statements of persons connected with said company, which the plaintiff had reason to believe and did believe to be correct and true, and that this was well known to the defendant, who was formerly a chief manager of said company. Voluminous papers were read and referred to upon the defendant's motion for a discharge, from which it appeared that a bitter controversy existed between the parties regarding the affairs of said company, and that the proceeding before the police justice was induced quite as much by personal animosity as by any regard for public justice. From all these facts the court found prima facie sufficient cause for arresting the defendant, and denied his motion for a discharge. Had the plaintiff in the present case followed the example of the plaintiff in Gould v. Sherman, supra, and shown the salient facts in the relations between himself and the defendants, from which the court could conclude that the prosecution against him was without probable cause, the order of arrest under discussion could be sustained. No specific facts, however, are stated in the moving papers upon which malice may be predicated. In lieu of evidence of absence of probable cause, there is an allegation that the magistrate dismissed the criminal proceeding against the plaintiff.

In Fagnan v. Knox, 66 N. Y. 525, 528, it was said:

"The question of what constitutes probable cause does not depend upon whether the offense has been committed in fact, nor whether the accused is guilty or innocent, but upon the prosecutor's belief based upon reasonable grounds."

It has been repeatedly held that the determination in favor of the plaintiff of the criminal prosecution against him is not per se prima facie evidence of the want of probable cause. Vanderbilt v. Mathis, 5 Duer, 304, approved as to this proposition in Palmer v. Palmer, 8 App. Div. 331, 335, 40 N. Y. Supp. 829; Scott v. Simpson, 1 Sandf. 601; Brounstein v. Sahlein, 65 Hun, 365, 367, 20 N. Y. Supp. 213; Young v. Lyall, 57 N. Y. Super. Ct. 39, 5 N. Y. Supp. 11. This proposition accords with the better doctrine throughout the United States, and is not disturbed by the dictum in Gould v. Sherman, supra. 19 Am. & Eng. Encyc. of Law, 666. In respect to malice and absence of probable cause, therefore, the moving papers in the present case seem insufficient.

Affidavits closely resembling the one under consideration in the present case were presented in Vanderpool v. Kissam, 4 Sandf. 715, and Grimes v. Davison, 2 Abb. N. C. 457. In both of these cases the motion to discharge the order of arrest was granted. In Vanderpool v. Kissam "it was decided by Duer, J., at chambers, after a consultation with all the justices, that, in an action for a malicious prosecution, an affidavit for holding the defendant to bail is insufficient when it states only in general terms the existence of malice and the want of probable cause. The facts which are relied on as prima facie evidence of the want of probable cause must be set forth in the affidavit, so as to enable the judge to whom the application for an order of arrest is made to draw the proper conclusion of law. If such facts are omitted, the party swears only to his own belief; and his opinion or that of his counsel is substituted for a judicial decision." In Grimes v. Davison, supra, Barrett, J., held:

"No proof is furnished in support of the allegations of facts. Malice is alleged, but no evidence of it is given. Want of probable cause is at one time alleged, again omitted. Where alleged, it is unsupported by evidence. An arrest will not lie upon mere averment, whether in the form of an affidavit or a complaint. The plaintiff should make out a prima facie case sufficient to enable him to rest upon the trial. The papers are otherwise very defective, and the order cannot be upheld. Motion granted, with $10 costs."

Accordingly the motion to vacate the order of arrest is granted.