### LEWIS v. LEWIS.

(Supreme Court, Special Term, New York County. July 22, 1912.)

1. ARREST (§ 27*)—ACTION FOR DIVORCE—AFFIDAVIT FOR ARREST—ALLEGATIONS ON INFORMATION AND BELIEF.

Code Civ. Proc. § 550, provides that a defendant may be arrested in an action wherein the judgment demanded requires the performance of an act, a neglect or refusal to perform which would be punishable as a contempt, as where defendant, being a resident, is about to depart from the state by reason of which a judgment against him would be ineffectual. Section 557 declares that the order may be granted where it appears by the affidavit of the plaintiff or any other person that a sufficient cause of action exists against the defendant, as prescribed in section 550, and the other matters extrinsic of the cause of action specified in that section also appear, and section 558 requires that the complaint set forth a sufficient cause of action under the preceding section. *Held*, that an affidavit in support of the order for arrest of defendant in an action for divorce on the ground of his intended departure from the state, which alleged defendant's adultery upon information and belief without disclosing the sources of information was insufficient; since, in order to support an order of arrest, the affidavit must show that plaintiff has personal knowledge of the cause of action alleged, or give the source of information and good reason why a positive statement could not be made.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 54–55½; Dec. Dig. § 27.*]

2. WITNESSES (§ 58*)—COMPETENCY—HUSBAND AND WIFE—ADULTERY.

The testimony of a wife is not competent to prove the husband's alleged adultery.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 159½–162, 164; Dec. Dig. § 58.*]

Action for divorce by Rebecca Lewis against Leo Lewis. Motion by defendant to vacate an order of arrest. Motion granted without prejudice to a further application by the plaintiff upon proper papers.

Samuel Furstenburg, of New York City, for the motion.
Houghton & Marx, of New York City, opposed.

GIEGERICH, J. [1] The defendant by this motion seeks to vacate an order of arrest which was granted on the ground that the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment demanded required the performance of an act the neglect or refusal to perform which would be punishable by the court as a contempt, and that the defendant is about to depart from this state, and that, by reason of such departure, the judgment or order requiring the performance of the act would be rendered ineffectual. The right to arrest a defendant upon the ground stated is given by section 550 of the Code of Civil Procedure, and section 557 provides, in substance, that an order of arrest in such a case may be granted where it appears by the affidavit of the plaintiff or any other person that a sufficient cause of action exists against the defendant as prescribed in said section 550, and the other matters extrinsic of the cause of action specified in that section likewise appear. Section 558 requires that the complaint set forth a sufficient cause of action as required by section 557. It will thus be seen that the application for an order of arrest under section 550 must show not only a sufficient right of action as prescribed in that section, but also the other matters extrinsic to the cause of action specified in that section. Segelken v. Meyer, 94 N. Y. 473, 487.

The action is for a divorce, and the complaint alleges the defendant's adultery upon information and belief, and contains the usual prayer for relief in such form of action, including a demand that the defendant be compelled to provide for the support and maintenance of the plaintiff. The plaintiff alone has made affidavit in support of the order of arrest, and the allegations therein as to the defendant's adultery are made upon information and belief without disclosing the sources of the information. In order to support an order of arrest, the affidavit must show that the deponent has personal knowledge of the facts alleged or give the sources of his information and give good reasons why a positive statement cannot be procured. Ammon v. Kellar, 21 Misc. Rep. 442, 47 N. Y. Supp. 595, and cases there cited; Martin v. Gross, 4 N. Y. Supp. 337; Rolker v. Gonzalez, 25 App. Div. 96, 48 N. Y. Supp. 1015. In Martin v. Gross, supra, the court, in reversing the order denying the motion to vacate the order of arrest and vacating such order of arrest, at page 337 of 4 N. Y. Supp., said:

"No man should be arrested civilly on mere information and belief. Mere information and belief is not proof or evidence in any legal sense. Roderigas v. East River Bank, 76 N. Y. 323, 32 Am. Rep. 309. Or, as was said in Mowry v. Sanborn, 65 N. Y. 581: 'It may, as a general rule, be safely affirmed that in the sense of the law a general assertion of a fact in an affidavit upon information and belief proves nothing.' "

The doctrine of that case was reaffirmed and applied in the subsequent case of Rolker v. Gonzalez, supra.

[2] It should be borne in mind that the plaintiff's testimony is not competent to prove the defendant's alleged adultery (Moriarty v. Moriarty, 10 N. Y. Supp. 228; Wood v. Wood, 61 App. Div. 96, 70 N. Y. Supp. 72; Michelson v. Michelson, 136 N. Y. Supp. 533), and therefore, even if she had verified her complaint upon knowledge or had shown by her affidavit that she had positive knowledge of the fact, her testimony upon that point could not be received.. As already stated,

the application for an order of arrest under section 550 of the Code of Civil Procedure must show a right of action in addition to the other matters extrinsic to the cause of action. Hence it must appear by affidavit of a competent witness that the cause of action stated in the complaint actually exists and the positive affidavits of the persons having knowledge of the facts should be produced, or, if not produced, the failure to produce them must be satisfactorily explained. People v. Snaith, 57 Hun, 332, 333, 10 N. Y. Supp. 589. In the case last cited the court said:

"The right to the order of arrest in this case depends upon the nature of the action, and the Code requires that it must appear by affidavit that the cause of action also exists (section 557). The cause of action must not only be stated, but its existence must be made to appear by affidavit. The arrest of a defendant in a civil action, founded upon an alleged wrongful act, is a provisional and extraordinary remedy, is allowed before final judgment, and therefore before it can be definitely known whether the plaintiff can maintain his case. The provision of the Code that, before an order can be granted, it must appear by affidavit that such a sufficient cause of action exists against the defendant, is the only positive safeguard of his personal liberty which the law affords to a defendant against whom such a cause of action is stated."

All that is said in that case is equally applicable in the present case, and, since it has not been satisfactorily made to appear by the affidavit of a competent witness that the cause of action alleged in the complaint against the defendant actually exists, the order of arrest should be vacated.

Motion granted, without prejudice to a further application by the plaintiff upon proper papers. As the defendant is now confined by the sheriff in the county jail of Queens county in default of bail, the order to be entered hereon may be presented, upon four hours' notice of settlement, on or after 2 o'clock p. m. of the 23d inst.