REISS v. LEVY.

(Supreme Court, Appellate Division, Second Department. December 4, 1914.)

1. ARREST (§ 25*)—CIVIL ACTION—AFFIDAVIT—SUFFICIENCY.
     Under Code Civ. Proc. § 557, providing that an order for the arrest of a defendant may be granted in a proper case, where it appears by the affidavit of the plaintiff that a sufficient cause of action exists against the defendant, an affidavit for malicious prosecution, which merely charges that the defendant acted with malice, but does not state the facts, is insufficient, since plaintiff's assertion of the conclusion does not make it appear to the court.
     [Ed. Note.—For other cases, see Arrest, Dec. Dig. § 25.*]

2. MALICIOUS PROSECUTION (§ 24*)—WANT OF PROBABLE CAUSE—DISCHARGE BY MAGISTRATE.
     Under Code Cr. Proc. § 207, requiring the magistrate to discharge a prisoner, if it appears either that the crime has not been committed, or that there is not sufficient cause to believe the defendant guilty thereof, the discharge of a prisoner by the magistrate is not of itself sufficient to show that the complainant had no probable cause for making the complaint.
     [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 49–55; Dec. Dig. § 24.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Action by Sigmund Reiss against Sylvan Levy. From an order denying defendant's motion to vacate an order of arrest, defendant appeals. Order reversed, and motion granted.

See, also, 161 App. Div. 940, 145 N. Y. Supp. 1143.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Ernst & Cane, of New York City, for appellant.
Louis B. Williams, of New York City, for respondent.

THOMAS, J. [1] The plaintiff avers that defendant wrongfully, maliciously, and without probable cause procured his arrest and prosecution before a magistrate, by whom he was discharged. Upon the complaint, and an affidavit repeating such averment, with the addition, in effect, that the arrest was for disorderly conduct, and that the evidence before the magistrate showed plaintiff's innocence, the defendant was arrested upon the order now sought to be vacated. The complaint avers the affidavit should, but does not, present evidentiary facts. The plaintiff accuses defendant of malice, but states no fact indicating it; nor does he fulfill the burden of proving absence of probable cause, for his assertion is not evidence. · Were the facts, real or apparent, such as would justify a reasonable man in the belief that he had lawful grounds for invoking the interposition of the magistrate? That cannot be known, as no facts are stated. The judge, whose order of arrest is sought, should have the facts, and not the plaintiff's conclusion of their probative tendencies. The Code of Civil Procedure (section 557) requires that it appear by affidavit "that a sufficient cause of action exists," as prescribed by section 549. The statement of a cause of action in the complaint does not make its existence appear.

[2] The discharge by the magistrate merely determines that the facts proven before him do not show probable guilt; but he did not consider whether the facts so appeared to the defendant as to justify him in believing them to be true and acting upon them. The Code of Criminal Procedure (section 207) requires the magistrate to discharge a prisoner "if it appear either that a crime has not been committed, or that there is not sufficient cause to believe the defendant guilty thereof." The magistrate presumably has the real facts evolved by an orderly system of judicial investigation. The complainant may in good faith act upon such facts, real or apparent, as would convince the judgment of a prudent man. If the magistrate hold the prisoner, his decision, I will assume, shows probable cause of guilt, and hence probable cause for causing the arrest. Francisco v. Schmeelk, 156 App. Div. 335, 141 N. Y. Supp. 402. If he discharge him, it may be evidence that the real facts do not tally with the apparent facts; but that does not tend to show that the complainant was not justified in believing and acting upon the facts as they appeared to him. Hence, while the discharge acquits the prisoner, it does not per se condemn the complainant, for probable cause for arrest is not necessarily inconsistent with a finding that there is not probable cause of guilt.

The law does not proclaim that a person initiates an arrest at the peril of being presumptively a malicious wrongdoer, if the examination or trial establish the prisoner's innocence. That would discourage co-operation by citizens to enforce the penal laws. The good citizen, acting with ordinary prudence, dutifully complains. The court, potential to encompass all the facts, may absolve the prisoner, without involving the integrity of the complainant. But now the plaintiff would arrest the defendant because he says the defendant was malicious. Malice is a state of mind of which one man cannot accuse another, save as he has some justifying expression of it. To merely assert that one man had such obliquity because he caused another's arrest from which there was discharge is but saying that the good citizen causing a criminal prosecution, wherein the prisoner is discharged, necessarily acts with malice and without probable cause. These views are in accord with the opinion of Blanchard, J., in Diad v. Shibley, 49 Misc. Rep. 315, 99 N. Y. Supp. 188, where suitable reference is made to authorities.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate the order of arrest granted, with $10 costs. All concur.